INTERNATIONAL TOOTH-CROWN CO. *v.* CARMICHAEL.

*(Circuit Court, E. D. Wisconsin.  December 1, 1890.)*

PATENTS FOR INVENTIONS—INFRINGEMENT—CROSS-BILL—PLEADING.
 Letters patent No. 238,490, issued March 15, 1881, to James E. Low, for an improvement in the dental art "whereby artificial dental surfaces may be permanently fixed in the mouth in place of lost teeth, without the use of plates, or other means of deriving support from the gum beneath the artificial dentition," were sustained in *International Tooth-Crown Co.* v. *Richmond*, 30 Fed. Rep. 775; but in a suit to restrain infringement defendant answered that full proofs were not presented in that case, and now asks leave to file a cross-bill charging anticipation, that the patent, if valid, does not cover all practical forms of artificial dentures known as "crown" and "bridge" work, and that complainant, with a view to harass him in his dental business, has caused to be published, in newspapers and circular letters, warnings that its patent is construed to cover all practical forms of crown or bridge work, and threats that all persons procuring such artificial dentures from defendant will be prosecuted, and offering rewards for information of the performance of bridge and crown work by any dentist not licensed by it.  *Held*, that all matters attacking the validity of the patent could be presented under the answer to the original bill, and that the alleged unlawful attack upon defendant's business was not the proper subject of a cross-bill.

In Equity.
*Mr. Banning*, for complainant.
*Mr. Offield*, for defendant.

JENKINS, J.  The original bill in this cause was filed to restrain the alleged infringement of letters patent No. 238,490, issued March 15, 1881, to James E. Low for an improvement in the dental art "whereby artificial dental surfaces may be permanently fixed in the mouth in place of lost teeth, without the use of plates, or other means of deriving support from the gum beneath the artificial dentition."  This patent was passed upon and sustained in the case of *International Tooth-Crown Co.* v. *Richmond*, 30 Fed. Rep. 775; but the answer here asserts that full proofs were not presented upon the hearing of that case.  The defendant now moves for leave to file a cross-bill charging anticipation of the alleged invention; that the patent, if valid, cannot be construed to cover all practical forms of artificial dentures, commonly known as "crown" and "bridge" work, and that, with a view to hinder and harass the complainant in the cross-bill in his dental business, and to divert patronage from his business to dentists licensed under the Low patent, the International Tooth-Crown Company has heretofore, and presumably since the filing of the original bill, caused to be published in newspapers and circular letters, and caused to be circulated throughout the United States, and within this district, certain threats and warnings embodied in a notice, specifying certain dentists as the only licensees of the company in the city of Milwaukee; that the patents of the company are construed to cover all practical forms of artificial dentures now commonly known as "crown" or "bridge" work; warning all persons against obtaining such artificial dentures from the complainant in the cross-bill; and that the full legal penalty will be exacted of all infringers,—patients, as well as dentists,—and offering a reward for information of the performance of any

bridge work of one, two, or more crowns or bridges prepared by any dentist not licensed by the company. This notice and threat is charged to divert patronage, and to seriously interfere with the business of the cross-complainant. An injunction is prayed restraining the publication and circulation of such notices and threats, and a decree is sought for the damages sustained for such alleged wrongful publications. All matters contained in the cross-bill attacking the validity of the patent, or limiting its scope, can be presented by answer to the original bill. No cross-bill is necessary for that purpose. The interference with the business of the cross-complainant, by reason of the publication of the notice and threats charged, is the only matter not pertinent as a defense to the original bill. If the publication be construed as a mere notification of the rights claimed by the company under the Low patent, it would not be unwarranted, unless the patent was invalid, and possibly not in that event. If, as is claimed, it is a malicious and unwarranted threat, even if the Low patent be held valid, the act done would not avail as a defense for infringement of the letters patent. It would, in such case, be an unwarranted attack on the business of the cross-complainant, independently of the validity or non-validity of the Low patent, for which he has appropriate remedy. Such matter, as I conceive, is not proper subject-matter of a cross-bill. The purpose of such a bill is to obtain discovery of facts in aid of the defense to the original bill, or to obtain full relief to all parties touching the matter of the original bill. The matter sought to be charged does not respond by way of defense to the original bill. Every matter in dispute touching the validity or infringement of the patent can be contested under the original bill, full proofs made, and complete decree rendered, touching its validity and scope upon the pleadings thereto, without the aid of the cross-bill. The facts charged by the proposed pleading would neither throw light upon the subject, nor avail to defeat the patent, or justify an infringement of it, if valid. The cross-bill merely charges an independent unlawful act by the owner of the patent. It is more than doubtful if an original bill in equity would lie upon the matter charged in the proposed cross-bill; and this, upon the ground that complete remedy at law is at the command of the injured party, for the injury done. The cases of *Ide* v. *Engine Co.*, 31 Fed. Rep. 901, and *Emack* v. *Kane*, 34 Fed. Rep. 46, uphold the right to maintain such an action. The latter case certainly presents a strong assertion by Judge BLODGETT of the right of a court of equity to interfere in such a case as here presented, and is sought to be distinguished from the cases of *Kidd* v. *Horry*, 28 Fed. Rep. 773, and *Wheel Co.* v. *Bemis*, 29 Fed. Rep. 95, opposed. The contention seems, however, to be authoritatively settled by the case of *Francis* v. *Flinn*, 118 U. S. 385, 6 Sup. Ct. Rep. 1148. I am unable to distinguish the latter case from that here presented. The motion to file the cross-bill is denied.