WELSBACH LIGHT CO. v. COSMOPOLITAN INCANDESCENT GAS-
LIGHT CO.

(Circuit Court, N. D. Illinois. January 29, 1897.)

PLEADING IN PATENT SUITS—CROSS BILL.

In an infringement suit, defendant sought to file a cross bill, setting up that, by reason of the expiration of a prior foreign patent, the monopoly of the patent in suit had terminated, and that, knowing this, complainant maliciously sought to injure defendant by distributing circulars, etc., asserting an exclusive right to the invention, and threatening defendant's customers with infringement suits, to restrain which defendant prayed an injunction. *Held*, that the cross bill would not lie, for the expiration of the foreign patent was mere matter of defense, and the alleged malicious acts were independent wrongs, unconnected with the matter of the original bill.

This was a suit in equity by the Welsbach Light Company against the Cosmopolitan Incandescent Gaslight Company for alleged infringement of a patent. The cause was heard on a motion by defendant for leave to file a cross bill.

Wm. Findlay Brown and John R. Bennett, for complainant.
Dyrenforth & Dyrenforth, for defendant.

JENKINS, Circuit Judge. This bill was filed to restrain the alleged infringement of letters patent of the United States No. 438,125, granted to Carl Auer Von Welsbach, for an "improvement in the manufacture of incandescent devices for gas burners." The defendant now moves the court for leave to file a cross bill which asserts, in substance, that under the law of the United States, and by reason of the expiration of a prior foreign patent, the monopoly granted by the patent in suit had come to an end prior to this suit. Notwithstanding which, and with knowledge of such facts, maliciously seeking to injure the cross complainant, and deprive it of the profit and advantages to which it is entitled by the use and sale of the patented article, and with a view to deceive and mislead the public by means of printed circulars distributed through the mail, the original complainant asserts itself to be the owner, under the patent, of the exclusive right to the use of the patented invention, and falsely asserts its right to recover damages from any person buying or using the same unless obtained from it, and threatens the customers of the cross complainant and its intending customers with suits for infringement, and with injunctions, and with suits for damages, in case of their purchase or use of the patented invention, if purchased from the cross complainant or from others than the original company. An injunction is also prayed restraining the original complainant from the distribution of such circulars, and from the continuance of such threats.

If it be true, as asserted (and, for the purposes of the present motions, I assume it to be true), that, by reason of the facts stated, the patent had come to an end, the cross complainant has then a perfect and absolute defense to the suit brought for an alleged infringement of the complainant's patent. That defense required no cross bill for its presentation and assertion. It can be brought to the attention of the court by plea or answer to the original suit as fully and completely as by cross bill.

It is, however, insisted that the cross bill can be maintained upon the ground that the original complainant, by its circulars and its threats, has intimidated customers and intending customers of the cross complainant, thereby inflicting upon it irreparable damages, which cannot be measured in any suit at law, and that, therefore, equity should extend its preventive arm, and stay the threatened injury. It may be assumed, for the purposes of these motions, that an original bill in equity would lie under the circumstances disclosed, but it does not follow that a cross bill can be sustained. In Tooth-Crown Co. v. Carmichael, 44 Fed. 350, I had occasion to consider the question under similar circumstances, and came to

the conclusion that a cross bill would not lie, because "the purpose of such a bill is to obtain the discovery of facts in aid of the defense to the original bill, or to obtain full relief to all parties touching the matter of the original bill." The defense there alleged anticipation of the patented invention, which, of course, went to the foundation of the complainant's right, and also asserted that the patent, if valid, could not properly be construed to cover the particular forms of artificial dentures claimed in the bill. Here, as there, the cross bill goes to the foundation of the right of the original complainant to his patented monopoly; for whether the invention be in fact anticipated, or the patent has terminated by operation of law, the monopoly granted by the patent is inoperative and ineffectual. It needs no cross bill here to aid in defense of the original bill, nor is there any relief touching the matter of the original bill which is sought by this cross bill. The matters which are complained of as working irreparable mischief are independent torts or wrongs asserted to have been committed by the original complainant upon the false assumption that its patent is valid. The same charge might well be asserted of any patentee seeking to restrain the infringement of his rights, if his patent be as yet unadjudicated by the court. The acts charged are independent, unlawful acts by the owners of the patent, founded upon its assertion of the continued validity of the patent. Whether those acts be lawful or unlawful depends, perhaps, upon the fact whether its patent has expired by virtue of the law; but these acts, however unlawful, do not touch the matter of the original bill, and have no connection with the assertion of any defense to the original bill, and therefore are not within the scope of a cross bill, for the discovery sought, if one be sought, must be for facts in aid of the original bill, or to obtain full and complete relief to all the parties with respect to matters charged in the original bill, not as to independent acts the lawfulness or unlawfulness of which may depend upon the question of right as asserted in the original bill. The acts charged may constitute the subject-matter of an independent suit, but are not, in my judgment, within the purview of a cross bill. I think that these motions are presented through failure to properly distinguish between a cross and an original bill; and, however great may be the wrong complained of in its effect upon the business of the cross complainant, it is not a wrong that can be remedied by means of a cross bill. I have carefully reconsidered my former decision, to which I have referred, and have examined the authorities presented, and am content with my former decision. I could not grant the relief here asked without extending the practice in equity proceedings beyond its prescribed bounds. To do this, however beneficial it might prove in the present instance (assuming the cross complainant to be entirely in the right), would be to work inextricable confusion in equity procedure, and to overturn the settled law of the land. The motions will be overruled.