ASBESTOS SHINGLE, SLATE & SHEATHING CO. et al. v. H. W. JOHNS-MANVILLE CO.

(Circuit Court, S. D. New York. May 31, 1911.)

1. CONTEMPT (§ 8*)—MISSTATEMENT OF DECREE—JURISDICTION TO PUNISH—STATUTES.

Rev. St. § 725 (U. S. Comp. St. 1901, p. 583), provides that federal courts shall have power to administer all necessary oaths, and punish by fine or imprisonment at the court's discretion contempts of its authority, provided such power to punish shall not extend to any cases, except the

misbehavior of any person in the court's presence, or so near thereto as to obstruct the administration of justice, the misbehavior of any of the officers of the court in their official transactions, and the disobedience or resistance of any officer, or of any party, juror, witness, or other person, to any lawful writ, process, order, rule, decree or command of such courts. *Held* that, under such section, federal courts could no longer exercise their common-law power to punish as for contempt a misstatement of the effect of their decisions.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. § 14; Dec. Dig. § 8.*]

**2. PATENTS (§ 323*)—EFFECT OF DECREE—MISSTATEMENT.**

Where complainants, in a suit for infringement of a patent, obtained a decree, a misstatement of the effect thereof in complainants' subsequent advertising, though not punishable as for contempt, was nevertheless a civil wrong, for which defendant was entitled to relief by motion in the original case.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 323.*]

**3. PATENTS (§ 323*)—INFRINGEMENT—JUDGMENT—MISSTATEMENT OF DECISION —RELIEF.**

Where complainants, after obtaining a decree in a suit for patent infringement, misstated the contents of the decree in part in their subsequent advertising, but there was no indication that they acted in conscious bad faith, defendant was entitled to an order requiring complainants to desist from such misstatements on pain of a stay of further proceedings under the decree, and, if necessary, that the decree be recalled.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 323.*]

Suit by Asbestos Shingle, Slate & Sheathing Company and another against H. W. Johns-Manville Company for infringement of patent. Decree was rendered in favor of complainants (184 Fed. 620), and defendant, claiming that complainants had made an improper use of such decision, applied to punish complainants for contempt. Decree for defendant.

See, also, 189 Fed. 608.

Clifton V. Edwards, for complainants.
A. Parker-Smith, for defendant.

HAND, District Judge. **[1]** The first question is of power. The court certainly had power at common law to punish as for a contempt a misstatement of the effect of its own decision. That power was, however, in my judgment, taken away from federal judges by section 725 of the Revised Statutes (U. S. Comp. St. 1901, p. 583), because it is within none of the exceptions contained in the proviso. It is true that Judge Phillips in Gorham Mfg. Co. v. Emery-Bird-Thayer Dry Goods Co. (C. C.) 92 Fed. 774, 779, mentioned misconduct of this character as a common-law contempt, but he made no decision in regard to it, and his words were clearly not meant as a determination that the court could punish such conduct. That being the situation, may a court make an order in the suit forbidding a party's misusing its decree, and, if the party continue to misuse it, punish him for disobedience, although it could not directly punish him in the first instance as for a contempt?

**[2]** The misuse of a decree of the court in so far as it constitutes an offense against the dignity of the court certainly would not come

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

within its power to punish, but this is a case where one party claims to be suffering damage from the acts of another. Even if it be a contempt, it is also a civil wrong, and it would surely be an absurdity that it should not carry a remedy in some tribunal and by some procedure. May a party, therefore, apply in the main suit either on motion, or by petition, or must he bring a plenary suit? Or may the defendant apply by cross-bill? If the proceeding were in the nature of a contempt there would be no difficulty, since it is then regarded as a part of the suit itself, but this is not, and cannot be, a punishable contempt. The relief has been granted by either motion or petition in several cases, Barnum v. Goodrich, Fed. Cas. No. 1,036, Birdsell v. Hagerstown Mfg. Co., 1 Hughes, 64, Fed. Cas. No. 1,437, Ide v. Ball Engine Co. (C. C.) 31 Fed. 901, and Nat. Cash Register Co. v. Boston Cash Indicator, etc., Co. (C. C.) 41 Fed. 51. In the last case Judge Colt mentions two other unreported cases of the same kind, one by Judge Blodgett of Illinois and one by Judge Nelson of Massachusetts. It is probably true today that all these cases were wrongly decided in view of Birdsell v. Shaliol, 112 U. S. 485, 5 Sup. Ct. 244, 28 L. Ed. 768. In each case the suit was against the manufacturer, or at least he had become a party thereto, and the cases all proceed upon the theory that if he were solvent the accounting for damages and profits which the complainant would obtain would act as a license to all users who had bought of the manufacturer. It was an easy thing for the courts while the law was supposed to be such, to direct the complainant not to interfere with any users who had bought of the defendant, but as soon as the law was settled to the contrary in Birdsell v. Shaliol supra, Mr. Justice Brown, then District Judge, in Kelley v. Ypsilanti Dress Stay Co. (C. C.) 44 Fed. 19, 10 L. R. A. 686, and Judge Lacombe in N. Y. Filter Co. v. Schwarzwalder (C. C.) 58 Fed. 577, each declined to make such an order, when it did not appear that the complainant was acting in bad faith. Indeed, it is clear that unless the defendant did so act, it would be unjust to prevent him from advising users of his rights, and indeed, in a proper case from beginning suits against them, so as to toll the statute of limitations. Neither of these latter cases, however, questioned that it was proper procedure to make the application in the suit itself. The point seems to have been raised in Ide v. Ball Engine Co., supra, before Allen, J., and it was overruled, and Judge Dyer in Allis v. Stowell (C. C.) 16 Fed. 783, 789, said that in a proper case he should not hesitate to follow the practice. Therefore, their authority on the point of pleading is not impaired by the fact that the disposition upon the merits was wrong. It is true that Judge Jenkins in International Tooth Crown Co. v. Carmichael (C. C.) 44 Fed. 350, declined leave to file a cross-bill on the ground that it was not proper subject-matter for a cross-bill, and he clearly would not have allowed the same relief by motion or petition, so that his authority must be taken as against any such relief except by plenary suit. This, however, may be accounted for by Mr. Justice Blatchford's reasoning in Rumford Chemical Works v. Hecker, 5 O. G. 644, Fed. Cas. No. 12,132, while he was circuit judge. There he declined to order a complainant not

to prosecute other infringers, but indicated that he might stay the accounting which was already in process of being taken, if the complainant persisted in inequitable courses. He thought, as it seems to me quite rightly, that the complainant by bringing suit subjected himself to the jurisdiction of the court only in respect of matters germane to the suit itself. That is of course also the rule as to cross-bills. Moreover, that explains the orders in cases prior to Birdsell v. Shaliol, supra, since they were cases in which the complainant was trying to pursue what was then thought to be the same remedy in two courts simultaneously. It does not appear that the sanction imposed in any of them was more than control over the original suit, though perhaps it is fair to suppose that those orders would have been enforced by attachment.

There are a number of other cases, in which an application was considered upon the merits without any indication that the procedure was wrong. Tuttle v. Matthews (C. C.) 28 Fed. 98; Computing Scale Co. v. National Computing Scale Co. (C. C.) 79 Fed. 862; Warren Featherbone Co. v. Landauer (C. C.) 151 Fed. 130. No one of these cases is of much authority under the circumstances, as in each the case went off from the point of procedure, but it is perhaps a little strange that in one of them was the point of practice raised, if the practice was not accepted by the bar as proper. However, in Commercial Acetylene Co. v. Avery Portable Lighting Co. (C. C.) 152 Fed. 642, Judge Quarles considered an application upon the merits at length, and although he did not grant an injunction, he said that a new application could be made if the complainant continued to memorialize the trade. There is no indication of what the sanction was to be. Finally in Mitchell v. International Tailoring Co. (C. C.) 169 Fed. 145, Judge Ward denied such an application on the merits, the only doubt which he indicated as to procedure being whether the proceeding should not be by cross-bill, though he in no sense indicated his opinion that it should. Indeed it would seem as though the proceeding could certainly not be by cross-bill unless the matter were germane, which Mr. Justice Blatchford held it was not. Moreover, the decree upon cross-bill would ordinarily be a final decree, which, after term passed, could not be enforced by further control of the litigation itself, but would bear directly upon the complainant personally by attachment, thus making it jurisdictionally necessary to determine that the cross-bill was germane. However that question may be decided when it comes up, it is not up here because no cross-bill can be filed after publication passed, unless the hearing be upon the depositions already taken, Field v. Schieffelin, 7 Johns. Ch. (N. Y.) 250, Gouverneur v. Elmendorf, 4 Johns. Ch. (N. Y.) 357. Here the defendant's very grievance rose after interlocutory decree entered, and it would be impossible to proceed by cross-bill. I have no doubt of the court's power at least to control the complainant's use of the decree to the extent of staying further proceedings and perhaps of reopening the decree itself.

[3] The question next arises upon the merits. There is no indication in the case that the complainant has acted in conscious bad faith,

yet at the same time it is quite clear that in order to protect its supposed rights under the patent it has in fact misstated the contents of the decree in part. None of the cases, whether the application was in the original suit or by plenary bill, seem to raise the precise facts here at bar, but I take it there can be no question that a trade injury is actionable when it arises from actual misstatements. Judge Blodgett's opinion in Emack v. Kane (C. C.) 34 Fed. 46, which has been much cited and the decision of the Circuit Court of Appeals of this circuit in Adriance Platt & Co. v. National Harrow Co., 121 Fed. 827, 58 C. C. A. 163, were both weaker cases for the aggrieved party than this; indeed, in the latter case, Judge Coxe, who had dismissed the bill, mentions the fact that there was no false statement of fact in any of the circulars. I think there can be no reasonable dispute of the rule that any false statement of the contents of the decree would require some action. There is room for some nicety of distinction in the order for two reasons: First, because the decree was much narrower than the relief demanded, and only protected the complainant against cement shingles made on a paper-making machine; and, second, because of the yet undecided dispute between the parties upon the shingles being made by Norton and sold by them. Moreover, cement shingles are constantly made by other processes than that protected by the decree. In view of all these facts I think the complainant should say expressly what are the limits of his rights as fixed by the decree. I will not ask him not to claim that his patent covers the defendant's shingles, for I do not think he is obliged to take the defendant's word for the fact that it sells no shingles made on a paper machine, and, besides, that is outside the scope of this suit altogether, but if he advertises the decree in connection with shingles he must make it clear that the only shingles which it purports to protect are those made on a paper-making machine. As I said, the complainant has undoubtedly stated some things which are not absolutely true; thus, in the circular letter of December 29, 1910, he said that the court had held that the circulars were infringed by asbestos shingles. I think the defendant is correct in insisting that there were no shingles put in evidence. Again the letter of January 9, 1911, although written only by an employé and probably without warrant, was clearly false, as was the statement which appeared in the Ambler Gazette. All these things must be forbidden, and while I cannot of course undertake to pass on all the literature of the parties, especially in view of the acrimoniousness which has apparently arisen, I have prepared and enter herewith an order setting forth the limits which I think should be imposed upon the complainant in his advertisements, and which I trust will avoid further constant recourse to the court.

The order will not contain any provision for its enforcement, but if the complainant disobey its terms, the defendant may apply for a stay of any proceedings under the interlocutory decree, and if necessary that the decree may be recalled. It is not necessary to decide here whether any attachment could issue if these sanctions prove insufficient. I mean only to decide now that, if a complainant misuses

the decree of the court, the court may so modify that decree as justice requires to control such misuse. What might be the case after expiration of the term in which final decree was entered need not be considered.