### DE FOREST RADIO TELEPHONE & TELEGRAPH CO. v. RADIO CORPORATION OF AMERICA.

(District Court, D. Delaware. February 13, 1925.)

No. 553.

1. **Contempt** ⊜⇒80—Publication by complainant of exaggerated statement of decision held not sufficient to justify denial of injunction.

Publication by a complainant of an exaggerated statement of the scope and effect of the court's decision, not appearing to have been made in bad faith, *held* not sufficient to justify denial of an injunction to which it is entitled on the facts.

2. **Patents** ⊜⇒301(1)—Right of owner to injunction held not defeated as to infringing articles previously made by granting of license to defendant pending suit by an authorized licensee.

Under a contract by which the owner of a patent granted to another the right to issue licenses, reserving to itself the right to sue for infringements, after it had brought a suit for infringement and obtained a decision granting a preliminary injunction, the second party could not, by granting a license to defendant, prevent the issuance of such injunction as to infringing articles previously made.

In Equity. Suit by the De Forest Radio Telephone & Telegraph Company against the Radio Corporation of America. On motion for preliminary injunction. Granted in part.

Thomas G. Haight, of Jersey City, N. J., Samuel E. Darby, Jr., of New York City, and E. Ennalls Berl, of Wilmington, Del., for plaintiff.

John W. Davis and Sheffield & Betts, all of New York City, and William G. Mahaffy, of Wilmington, Del., for defendant.

MORRIS, District Judge. In this infringement suit of De Forest Radio Telephone & Telegraph Company against Radio Corporation of America, based upon De Forest patent, No. 879,532, a memorandum was filed, declining to grant the motion for a preliminary injunction to enjoin the defendant from selling tubes manufactured by the Westinghouse Electric & Manufacturing Company, but granting the motion with respect to tubes manufactured by the Westinghouse Lamp Company. Thereafter, and before the entry of the decree, the defendant asked leave to amend its answer by adding thereto allegations to the effect that on the 9th day of February, 1925, a written assent was given by the American Telephone & Telegraph Company and the General Electric Company to the manufacture, upon order of the defendant, for its use and sale of vacuum tubes under the patent in suit, by the Westinghouse Lamp Company, during the remainder of the life of the patent, and to the use and sale of any and all vacuum tubes heretofore so manufactured and now remaining unsold. The plaintiff assented to the application, and leave to amend was granted, and the amendment filed. At the time it sought and was granted leave to amend its answer, the defendant moved for a further hearing.

In support of this motion the defendant filed affidavits intended to disclose three facts: First, that after the filing of the memorandum the plaintiff released to the press of the country a statement alleged to be deceptive and misleading to such an extent as to warrant a refusal to issue the preliminary injunction to which the plaintiff, in the memorandum heretofore filed, was found entitled; second, facts existing, though not presented, at the time of the former hearing, offered as supplemental and additional evidence tending to establish the existence of a license, express or implied, in the Lamp Company; and, lastly, that the assent of February 9th, referred to in the amendment to the answer, placed the Lamp Company, with respect to the tubes heretofore manufactured and hereafter to be manufactured by it, in the same position as the Westinghouse Electric & Manufacturing Company, and that consequently no injunction should now issue to enjoin the

sale by the defendant of tubes heretofore or hereafter made by the Lamp Company. The plaintiff, without waiving or abandoning any of its rights, takes the position that, inasmuch as the patent expires on the 17th inst., the tubes to be hereafter manufactured by the Lamp Company during the life of the patent will manifestly be so few as not to raise a very practical question, and for that reason it will not press its asserted right to a preliminary injunction with respect to such tubes.

[1] In the article, purporting to state the scope and effect of the opinion heretofore filed, prepared by the plaintiff and delivered by it to the press, there were exaggerations and some misrepresentations. But the affidavit with respect thereto does not, I think, warrant a finding that such exaggerations and misrepresentations were attributable to bad faith or to malice. Nor does it appear that the business of the defendant was thereby diverted in whole or in part to the plaintiff, or that the defendant was thereby otherwise injured. While it is true that the maxim that he who seeks equity must do equity is as applicable during the litigation as prior to its inception, I think the article in question was not of such nature as to require the drastic remedy of withholding the authorized decree. See Rollman Mfg. Co. v. Universal Hardware Works (C. C. A. 3) 238 F. 568, 151 C. C. A. 504; Asbestos Shingle S. & S. Co. v. H. W. Johns-Manville Co. (C. C.) 189 F. 611.

The affidavits containing further facts intended to establish that the tubes made by the Lamp Company were made under a license, express or implied, do not, I think, show an express license. While they contain some facts from which an inference might be drawn that the tubes manufactured by the Lamp Company were lawfully made, yet they contain other facts from which it would be equally proper to draw the inference that the defendant corporation dealt with the Lamp Company as an independent entity, and not as a mere agency or instrumentality of the Westinghouse Electric & Manufacturing Company. I think that such affidavits and exhibits are not sufficient to establish or indicate that, if a further hearing were had, the views expressed in the former opinion regarding the alleged license to the Lamp Company would or should be changed, so far, at least, as those views affect the awarding or withholding of a preliminary injunction.

[2] Since the plaintiff, without waiving or abandoning any of its substantial or ultimate rights, does not press its motion for preliminary injunction to enjoin the sale by the defendant of such tubes as hereafter may be manufactured by the Lamp Company during the remainder of the life of the patent, there remains for consideration and determination only the effect of the assent of the 9th of February, referred to in the amendment to the answer, upon the rights of the plaintiff to a preliminary injunction enjoining the use or sale by the defendant of tubes manufactured by the Lamp Company before the 9th day of February and now remaining unsold. It is, of course, clear that the owners of the entire rights under a patent would have the power and right to license or otherwise authorize any one to use and sell articles embodying the invention of the patent, without regard to whether or not such articles had been manufactured under a license, or whether their manufacture was in violation of the patent rights.

But that is not the question here presented. It has been found that the legal title to the patent is probably in the plaintiff, and that the plaintiff has probably certain rights with respect thereto. One of the rights expressly conferred upon or reserved by the plaintiff under the agreement of March 16, 1917, was to "institute and conduct suits against others for infringement of any of said patents [including the patent in suit] within the fields in which it possesses rights." A right conferred by that agreement upon the other party to it, whose rights the American Telephone & Telegraph Company subsequently acquired, was to "grant licenses to various persons, firms, or corporations for the several uses to which the inventions are applicable." Before the American Telephone & Telegraph Company and the General Electric Company, in the asserted exercise of the powers alleged to have been acquired and still possessed by them under that agreement, attempted to license the defendant to sell tubes manufactured by the Lamp Company, the plaintiff had instituted and prosecuted this suit to that stage where the opinion of the court had been expressed that the plaintiff was entitled to a preliminary injunction enjoining and restraining the defendant from selling tubes illegally manufactured by the Lamp Company. It was then that the American Telephone & Telegraph Company and the General Electric Company attempted to license the defendant to do that which this court had held the plaintiff entitled to have enjoined, namely,

the sale by the defendant of tubes illegally made by the Lamp Company.

Hence the precise questions here presented are (1) whether a license made under the circumstances existing on the 9th day of the present month was within the meaning of that clause of the instrument of March 16, 1917, upon which the defendant relies; (2) whether the rights of the plaintiff with respect to the tubes theretofore illegally manufactured by the Lamp Company had not become so fixed and established that those rights could not be affected by any joint or several act of the American Telephone & Telegraph Company and the General Electric Company; and (3) whether the attempted license of February 9th was not an attempt to deprive the plaintiff of its adjudicated (for purposes of preliminary injunction) rights, and hence an attempt to obstruct and embarrass or prevent the due and orderly judicial enforcement of those rights.

With respect to these questions I need now say no more than that I think the so-called assent or license of February 9th does not furnish a sufficient ground for a further hearing, or for withholding the preliminary injunction enjoining the sale by the defendant, until the further order of the court, of tubes made by the Lamp Company before February 9th. The issuance of such an injunction will be ordered, unless the defendant shall, on or before the 14th inst., elect to file a bond, with the usual condition, and such statements with respect to such tubes as may be required from time to time, in lieu thereof.