### ADJUSTA CO. v. ALMA MFG. CO.

District Court, S. D. New York.   November 22, 1929.

Gifford & Scull and Newton A. Burgess, all of New York City, for the motion.

William B. Whitney, of New York City, opposed.

WOOLSEY, District Judge. This motion is granted to the extent of allowing an injunction pendente lite against the plaintiff and the other persons mentioned in the order to show cause, restraining them from falsely advising the trade in which both parties to this litigation are engaged, by letter, circular, or advertisement, or in any other manner whatever, as to any steps taken, decisions made, or matters of any kind arising in this cause.

The necessity for this injunction arises from the following circumstances:

Mr. Fred Hirsh, the secretary and treasurer of the plaintiff, through alleged ignorance of the legal facts and the proprieties of litigation, sent identic letters to nine jobbers in the line of business in which both parties are engaged in the following words:

"We herewith give notice that today June 2, 1929 U. S. Patent No. 1,719,469 has been issued to us which gives us the sole and exclusive right to make and sell buckles with the following features:

"No. 1. With notched center bars.

"No. 2. With blunt teeth on inturned lips.

"In order to avoid patent suits we would ask you to please cease selling knicker and belt buckles with either of these features.

"As soon as we receive copies of patents from the U. S. Patent office, we will take pleasure of sending you a copy.

"We wish to inform you that the case against the Alma Mfg. Co., which was tried before a master was decided in our favor."

Similar but not identic letters were sent to two manufacturers of buckles.

The facts of the situation, which Mr. Hirsh wrongly described, are as follows:

This suit was commenced in August, 1928, against defendant, a Maryland corporation, by service of process on the defendant's secretary, the bill of complaint setting forth two causes of action, viz. (1) the infringement of letters patent No. 1,679,306, issued to plaintiff on July 31, 1928, for slide buckle; and (2) unfair competition.

The defendant, specially appearing for the purpose, moved to set aside the service of process, so far at least as the cause of action based on patent infringement was concerned, on the ground that the defendant neither had a regular and established place of business nor had committed acts of infringement within this district.

This motion was heard by Judge Bondy, on affidavits submitted on behalf of the two parties, in November, 1928, and was by him referred to a special master, to take testimony and report.

The special master, after taking testimony on June 10, 1929, filed his report in favor of the court's jurisdiction, finding and reporting that the defendant has a regular and established place of business and also had made sales of the alleged infringing buckles within the district.

Defendant thereupon filed exceptions to the special master's findings and conclusions on these two jurisdictional facts. Arguments on these exceptions were heard by Judge Coleman, on July 23, 1929. On August 12, 1929, an order signed by Judge Coleman was filed, overruling the exceptions to the master's report, denying defendant's original motion to vacate service, and ordering it to appear and answer within twenty days.

In the meantime, on July 2, 1929, another patent, No. 1,719,469, was issued to the plaintiff; and on that same day Mr. Hirsh, the plaintiff's secretary and treasurer, wishing to notify certain jobbers in buckles of the issue of the new patent and without consulting the plaintiff's attorney, sent to nine jobbers the letter above quoted, containing the statement here complained of, regarding the master's decision, together with the similar letters to two manufacturers of buckles above mentioned.

The attorney for the plaintiff, as soon as he learned of these letters, did what he could to remedy the situation by having correcting letters sent to the same persons.

I do not believe, therefore, that, while the present attorney for the plaintiff continues to represent it, there will be any further trouble of this kind, but a change of lawyers is always a possibility which must be considered.

I think, therefore, I should grant an injunction pendente lite in order definitely to protect the situation whilst this litigation is proceeding.

I find that the power of the court to grant such relief is supported, inter alia, by Adriance, Platt & Co. v. National Harrow Co. (C. C. A.) 121 F. 827, and Asbestos Shingle, etc., Co. v. H. W. Johns-Manville Co. (C. C.) 189 F. 611.

Excellent reasons, if reasons are necessary for such an obviously appropriate remedy, are given by Judge Blodgett in Emack v. Kane (C. C.) 34 F. 46, 50.

The form of the injunction order—which may contain such provisions other than those above indicated as may be necessary to effectuate its purpose—if not agreed, may be settled on two days' notice.