## GENERAL TALKING PICTURES CORPORATION et al. v. STANLEY CO. OF AMERICA.

### No. 735.

District Court, D. Delaware.

July 31, 1930.

See, also, 38 F.(2d) 355.

Ward & Gray, of Wilmington, Del., Darby & Darby, of New York City (Samuel E. Darby, Jr., and Ephraim Berliner, both of New York City, of counsel), for plaintiffs.

William H. Foulk, of Wilmington, Del., and Henry R. Ashton (of Fish, Richardson & Neave), of New York City, for defendant.

AVIS, District Judge.

The petition in this case seeks to restrain the plaintiffs, their officers, agents, employees, and associates, from giving or sending out any misleading or untrue statements or notice relating to the opinion of the court in the above-stated cause, or to otherwise improperly and unlawfully advertise the said opinion. It also asks that plaintiffs be required to do such acts as will mitigate and remedy, so far as possible, any injury caused to Electrical Research Products, Inc., by any previous improper and unlawful statements.

The facts are that in a suit, entitled as above, Judge Morris, on June 30, 1930, entered a decree holding one of the patents in suit, known as the "Reis" patent, to be valid and infringed by the defendant, and the other patents in suit, known as the "DeForest" patents, if valid, were not infringed.

When this case was called for trial before Judge Morris, Electrical Research Products, Inc., which corporation was actually conducting and controlling the defense in this suit, was, by some kind of a stipulation entered upon the record, recognized to be appearing in that capacity. How this was accomplished is in dispute in the briefs; counsel for Electrical Research Products, Inc., insisting that counsel for plaintiffs requested the stipulation, and counsel for plaintiffs insisting that it was so stipulated only because he was ready to prove the fact.

The method and the reason are both immaterial. The fact is that it was so stipulated.

The first question is whether or not this made the Electrical Research Products, Inc., a party to the suit, authorizing it to obtain affirmative relief by way of injunction on an allegation that plaintiffs, through M. A. Schlessinger, president of the plaintiff, General Talking Pictures Corporation, had issued, and made, statements for publication, and had sent and authorized circulars, etc., tending to misrepresent the decision of the court.

Equity Rule 37 of the United States Supreme Court (28 USCA § 723), among other things, provides as follows: "Anyone claiming an interest in the litigation may at any time be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding."

One of the methods by which a party may intervene is by "motion to be allowed to intervene as a formal party, either plaintiff or defendant, to the suit." Equity Rule 37, note 561, 28 USCA p. 207. Anderson v. Jacksonville, P. & M. R. Co. (C. C. N. D. Fla.) 1 Fed. Cas. page 842, No. 358.

Rule 37 is merely declaratory of the established equity practice. Wenborne-Karpen Dryer Co. v. Dort Motor Car Co. (D. C. E. D. Mich. N. D.) 300 F. 404.

It has the same effect as a statute. Rhinehart v. Victor Talking Mach. Co. (D. C. N. J.) 261 F. 646.

There are numerous cases cited by counsel which hold that an intervening defendant is bound by the terms of the decree made in a suit of this character, and that the decree is res judicata, unless new facts are submitted in a subsequent suit involving the same question. This appears to be admitted by counsel for all parties interested.

In the case of Leaver v. K. & L. Box & Lumber Co. (D. C. N. D. Calif. 3rd Div.) 6 F.(2d) 666, 667, cited and submitted by counsel for the respondent in this motion, the fact that the intervener under Equity Rule 37 becomes a party is clearly stated. It is there limited, however, and "the interest he is thus permitted to assert must necessarily be as extensive as, but no greater than, that allowed the original parties to the suit."

No cases are cited, or found by the court, which distinctly decide the question here at issue, but I am impressed with the idea that a party who intervenes, conducts a suit for defendant, and is substantially bound by the decree, is entitled to the aid of this court in the protection of the decree from exaggeration or misrepresentations.

The power of the court to protect decrees of this character from being misrepresented to the public, and particularly to parties who may be customers of the competitive litigants, has been frequently recognized, and is not seriously denied by counsel for the plaintiffs.

Sufficient authority is shown in the cases of Rollman Mfg. Co. v. Universal Hardware Works (C. C. A. 3) 238 F. 568, and Du Pont v. Du Pont (D. C. Del.) 251 F. 937.

We necessarily come to a consideration of the facts produced for the purpose of ascertaining whether these facts clearly prove that the plaintiffs, or either of them, have violated the recognized ethics by the statements

and publications alleged to have been made by M. A. Schlessinger, the president of the General Talking Pictures Corporation. The extraordinary writ of injunction should not be issued, unless the proven facts indisputably sustain the allegations. I have carefully read the ex parte affidavits submitted, and have examined the exhibits produced and offered. The article in Exhibitors' Daily Review, which refers to a statement of M. A. Schlessinger, on first reading would appear to indicate that this party had materially exaggerated and misrepresented the provisions of the decree. The letters and telegrams sent out under the name of General Talking Pictures Corporation would also indicate that this plaintiff had not kept within proper bounds. All of the material facts alleged by the moving party which would implicate the plaintiffs, and which were known by them at the time of the preparation of the affidavit, presented in response to the temporary order, were denied by M. A. Schlessinger in this affidavit. In a matter of this character, presented by ex parte affidavits, where the court has no opportunity of seeing the witnesses and having them examined before him, the contents of all of the affidavits are entitled to equal weight. The burden is upon the moving party to prove its contentions of fact.

The modern methods of correspondents and reporters may, to some extent at least, be responsible for some of the alleged statements of Schlessinger contained in the Exhibitors' Daily Review. I cannot say that the weight of the evidence, so submitted, indicates or proves that the plaintiffs, or either of them, made any statement, or sent any letters or telegrams, attributable to bad faith or malice. See De Forest Radio Tel. & Tel. Co. v. Radio Corporation of America (D. C. Del.) 4 F.(2d) 134.

The court does not want this memorandum to be construed as permitting the plaintiffs to exaggerate or misrepresent the decree made in this case, but decides the motion upon the theory that sufficient proof has not been presented to warrant the issue of the extraordinary writ of injunction. If, in any future proceedings, sufficient proof is produced to satisfy the court of exaggeration or misrepresentation, appropriate relief may then be obtained.

The relief prayed for is denied, and the restraint contained in the order to show cause will be vacated.

An order will be signed accordingly.