## ART METAL WORKS, Inc., v. ABRAHAM & STRAUS, Inc.

Circuit Court of Appeals, Second Circuit.

Dec. 1, 1932.

Ward, Crosby & Neal, of New York City, for appellant.

Janney, Blair & Curtis, of New York City, for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.

This is a motion for permission to the appellee to apply to the District Court for leave to amend its answer alleging, and to take testimony establishing, inequitable conduct by the appellant in publishing and disseminating false and misleading statements regarding the decision of this court upon the theory

that such conduct should bar all relief to the appellant herein.

This court modified the interlocutory decree of the District Court, 52 F.(2d) 951, and held that the "Evans Automatic" cigar lighter infringed the appellant's claims 7, 12, 13, and 14, and that the "Evans Roller Bearing" lighters infringed claims 7, 13, and 14. The usual injunction and accounting were allowed. (C. C. A.) 61 F.(2d) 122, certiorari denied November 7, 1932 (U. S.) 53 S. Ct. 119, 77 L. Ed. ——.

Following the decision of this court on August 23, 1932, the successful appellant proceeded to notify the customers of the Evans Case Company, the manufacturer of the infringing articles, and the trade generally, that the appellant had been successful in the suit and would take vigorous action against any continued violation of its adjudicated rights.

 Alleging that the appellant has misrepresented the decree of this court, the appellee applies for this order and submits voluminous affidavits setting forth misrepresentations made by the appellant's salesmen and in its advertising as to the decree of this court. It has resulted in a very considerable damage to the manufacturer, causing the return of products manufactured by it of considerable value. While it is well settled that a patentee acting in good faith may protect his rights by notifying infringers of his claims either while suit is pending or after the decree has been obtained [Alliance Securities Co. v. DeVilbiss Mfg. Co., 41 F.(2d) 668 (C. C. A. 6); Virtue v. Creamery Pkg. Mfg. Co., 179 F. 115 (C. C. A. 8); Adriance, Platt & Co. v. Nat'l Harrow Co., 121 F. 827 (C. C. A. 2); A. B. Farquhar Co. v. Nat'l Harrow Co., 102 F. 714, 49 L. R. A. 755 (C. C. A. 3)], any attempt to injure a competitor's business can be restrained by injunction [Racine Paper Goods Co. v. Dittgen, 171 F. 631 (C. C. A. 7); Adjusta Co. v. Alma Mfg. Co. (D. C.) 36 F.(2d) 105; Asbestos Shingle, etc., Co. v. Johns-Manville Co. (C. C.) 189 F. 611].

 We are satisfied from the affidavits presented that there has been misrepresentation both by salesmen and written communications to customers of the manufacturer as well as by advertising in the trade papers. At least there is sufficient to warrant our permitting the appellee to apply to the District Court for leave to file an answer setting up inequitable conduct as a defense and asking that relief be denied, either by establishing the same by oral testimony or affidavits as the District Court may direct, or, in the alternative, that upon satisfactory showing the District Court may grant an injunction restraining the continuation of such improper and prejudicial misrepresentations. See H. W. Peters Co. v. MacDonald (C. C. A. 2) 61 F.(2d) 1031, granting the similar relief. We have the power to grant leave to apply to the District Court for the relief indicated upon the principle underlying applications for leave to apply to the District Court for permission to offer newly discovered evidence attacking the validity of the patent. Bassick Mfg. Co. v. Adams Grease Gun Corp., 54 F.(2d) 285 (C. C. A. 2); Gairing Tool Co. v. Eclipse, etc., Co., 48 F.(2d) 73 (C. C. A. 6).

The application made to introduce newly discovered evidence of lack of commercial success by the appellant is denied.

Motion is granted as above stated.