ART METAL WORKS, Inc., v. ABRAHAM & STRAUS, Inc.

No. 5184.

District Court, E. D. New York.

Feb. 3. 1933.

Ward, Crosby & Neal, of New York City, for plaintiff.

Janney, Blair & Curtis, of New York City (Milton C. Weisman, Robert S. Blair, and William T. Kniesner, all of New York City, of counsel), for defendant.

GALSTON, District Judge.

On mandate from the Circuit Court of Appeals [62 F.(2d) 79], this court is required on this motion to determine whether the defendant is entitled either to amend its answer to set up as a defense inequitable conduct by the plaintiff since the filing of the opinion of the Circuit Court of Appeals, to the end that relief heretofore granted be denied; or in the alternative that upon a satisfactory showing this court grant an injunction restraining the continuation of such improper and prejudicial misrepresentations.

Following the decision of the Circuit Court of Appeals on August 23, 1932 [61 F. (2d) 122], the plaintiff proceeded to notify the trade generally, and particularly the customers of the Evans Case Company, the manufacturer of the infringing articles sold by the defendant herein, that plaintiff had been successful in the suit and would take action against any continued violation of its adjudicated rights.

It was urged before the Circuit Court of Appeals, and now before this court, that the plaintiff misrepresented the decree of the Circuit Court of Appeals, both by statements of plaintiff's salesmen and by its advertising matter. It is urged that the Evans Case Company has sustained a very considerable damage as a result of the inequitable conduct of the plaintiff.

The Circuit Court of Appeals in a per curiam opinion [62 F.(2d) 79] expressed itself as satisfied from the affidavits presented that there had been misrepresentation both by salesmen, by written communications to customers of the manufacturer, as well as by advertising in the trade papers.

Since then and after the mandate from the Circuit Court of Appeals was filed in this court, the plaintiff instituted a new suit against the defendant, in which it is alleged that a new lighter sold by the defendant, known as the "Trig-a-lite," infringed the same patent as is involved herein.

It is asserted by the defendant in the supplemental affidavits filed that in so doing and in the construction now given by the plaintiff to the scope of the patent claims, as shown in the papers in the motion for a preliminary injunction in this later suit, that the plaintiff has continued its inequitable conduct, since such representation amounts to a virtual repudiation by the plaintiff of the presentations which it and its experts made in the pending suit and on which presentations the validity of the patent was sustained and infringement found.

The application is stoutly resisted. The defendant's affidavits as to the misrepresentations made by plaintiff's salesmen are contradicted; and it is asserted that as a matter of law the loose talk of salesmen, unless it is shown to have been authorized by the principal, should not bind the principal. Hedman Mfg. Co. v. Todd Protectograph Co. (C. C. A.) 265 F. 273.

So far as there is any conflict in the affidavits I must resolve the doubt in favor of the defendant. The defendant makes by far the more impressive showing, and indeed the

Circuit Court of Appeals was so convinced. If there were any question open in that regard, it would be dissipated by a consideration of the plaintiff's advertising matter. It seems to me that the misrepresentations, which apparently were deliberate, though they may have resulted from overzealousness on the part of plaintiff's executives, adds strength to the defendant's contentions that the misrepresentations of the salesmen were not innocent. Particularly flagrant is the matter disclosed in Exhibit G, wherein the following appears:

"Important

"Ronson Lighters, Cigarette Case and Lighter Sets and our 'Tuxedo,' combination cigarette case and lighter, are manufactured under United States letters patent adjudicated and held valid by United States Circuit Court of Appeals. All infringements will be vigorously prosecuted.

"Art Metal Works, Inc."

The probable effect of the foregoing was to mislead the trade in respect to the scope and effect of this litigation.

The plaintiff's conduct was reprehensible. To what extent it has damaged the Evans Company is, of course, a matter that cannot be decided on this motion, but that some damage resulted seems obvious.

The remaining question is the matter of relief to be afforded this defendant; and the question is not without some difficulty, for the defendant is merely a customer of the Evans Case Company. Except to the extent that it may have been intimidated by the acts of the plaintiff directed against the manufacturer, with a consequent loss of sales, it is difficult to see how the defendant suffered. At least in the moving papers nothing appears at all to that effect. The attack was concentrated on the manufacturer, but the manufacturer is not a party to the suit.

At the trial it was stipulated that the Evans Case Company was the manufacturer of the lighters charged to infringe the patent in suit; that it defended the suit by its own counsel, at its own expense, and was in control of the defense of the suit; and it was further stipulated that the final decree of the District Court or of the court of last resort shall be res adjudicata as between the plaintiff and the Evans Case Company, to the same extent as though the Evans Case Company were the defendant in the case. But the Evans Case Company is not a party to the suit.

294

The plaintiff at the argument of this motion seemed willing enough to consent to an injunction restraining it from any further violation of the decree, but the defendant urges that such relief is insufficient, and that with bad faith established the relief should go much further. The defendant seeks the extreme punishment meted out to the plaintiff, of having its bill dismissed for inequitable practice; and it is for that purpose that it desires to amend its answer accordingly.

The question is not without novelty, for in the reported decisions where the relief has fallen short of that sought herein, the courts have held that as a matter of fact the misrepresentations were not in bad faith. Asbestos Shingle, Slate & Sheathing Co. v. H. W. Johns-Manville Co. (C. C.) 189 F. 611; De Forest Radio Telephone & Telegraph Co. v. Radio Corporation of America (D. C.) 4 F.(2d) 134; Alliance Securities Co. v. De Vilbiss Mfg. Co. (C. C. A.) 41 F.(2d) 668.

Thus there is presented on this motion as the residual question for determination the good or bad faith of the plaintiff in its various representations or misrepresentations. To that end it is necessary that testimony be taken.

The motion is accordingly granted.

Settle order on notice.