**Thaddeus G. BENTON, Plaintiff,**

v.

**GLENN McCARTHY, Inc., Defendant.**

**Civ. A. No. 1724.**

United States District Court
D. Delaware.

Aug. 15, 1957.

John M. Bader (of Balick & Bader), Wilmington, Del., for plaintiff.

Edmund D. Lyons (of Morris, James, Hitchens & Williams), Wilmington, Del., for defendant.

LEAHY, Chief Judge.

The complaint alleges an agreement made between plaintiff and defendant. Plaintiff would obtain money parties to finance the development of certain Bolivian oil and gas concessions held by defendant in return for an undivided 5% "carried" interest therein or a 5% overriding royalty. Plaintiff alleges per-formance on his part. He alleges damages at $1,000,000. At this point of the litigation, plaintiff now seeks a preliminary injunction to enjoin "defendant, its officers, employees and agents, from in any way disposing of the sums of money or other things of value it has received or shall receive or be entitled to receive on account of the sale or assignment or transfer of defendant's lease or concession for the development of oil or gas in Bolivia, S. A., to any person, firm or corporation * * *."

The motion is supported by the following paper record: 1. the complaint; 2. affidavit of Thaddeus G. Benton, plaintiff, in support of motion for default judgment and dated October 19, 1956; 3. paper entitled "Affidavit of plaintiff and motion for injunction" and dated July 15, 1957; 4. affidavit of plaintiff annexed to the motion and dated July 25, 1957.

1. The authorities are explicit as to what must be shown by a plaintiff in order to be entitled to the injunctive relief here sought. As was said by this court in Acme Fast Freight, Inc., v. United States of America, D.C.Del., 135 F.Supp. 823, 825: "The parties seeking a temporary restraining order or a preliminary injunction must not only allege facts as to which there is no serious dispute but also indicate such facts which show that the moving party has a reasonable probability of success upon final hearing. If any doubts are created by the paper record as to the merits of the claim to relief, or the power of the court to act, the preliminary injunction will be denied."[1] The application of the law to the facts focuses the court's decision in this case.

1. See, also, Henis v. Compania Agricola de Guatemala, D.C.Del., 116 F.Supp. 223, affirmed 3 Cir., 210 F.2d 950; Sneider v. Transcontinental & Western Air., D.C.Del., 79 F.Supp. 339, 341; Reynolds International Pen Co. v. Eversharp, D.C.Del., 63 F.Supp. 423, citing Warner Bros. Pictures v. Gittone, 3 Cir., 110 F.2d 292; Murray Hill Restaurant v. Thirteen Twenty One Locust, 3 Cir., 98 F.2d 578; Hand v. Missouri-Kansas Pipe Line Co., D.C.Del., 54 F.Supp. 649; Oneida Community v. Fouke Fur Co., D.C.Del., 286 F. 757; General Talking Pictures Corp. v. Stanley Co., D.C.Del., 42 F.2d 904; Popular Mechanics v. Fawcett Publications, D.C.Del., 1 F.Supp. 292; United States v. Weirton Steel Co., D.C.Del., 7 F.Supp. 255; General Talking Pictures Corp. v. Stanley Co., D.C., 42 F.2d 904, 906; Porges v. Vadsco Sales Corp., 27 Del.Ch. 127, 135, 32 A.2d 148; Belle Isle Corp. v. MacBean, 29 Del.Ch. 261, 49 A.2d 5.

2. In support of the allegation of irreparable damage, plaintiff states at pars. 6 and 7 of the paper entitled "Affidavit of plaintiff, and motion for injunction" and dated July 15, 1957:

"6. Plaintiff has been informed, and believes, that Glenn McCarthy individually, has advanced large sums of money to defendant corporation, and that defendant has incurred large obligations to him and to others, and that the defendant is now insolvent, or may be insolvent as a result of acts occurring on or after June 20, 1955 when plaintiff's rights accrued, and that plaintiff would have no adequate or complete remedy at law for the satisfaction of his prior rights for which he has a lien upon the rights of defendant to the aforesaid Bolivian concessions.

"7. If the defendant concludes the sale of, and disposes of the said Bolivian concessions, without protecting the right of plaintiff to a five per cent. 'carried' interest therein, or providing ways and means for paying to plaintiff the fair and reasonable value thereof, plaintiff believes that he will suffer irreparable damage, injury and loss."

And, at par. 2 of his affidavit, dated July 25, 1957:

"2. By reason of the commitment of defendant, prior to the said transaction, to assign and deliver to plaintiff a five per cent. 'carried interest' in the said Bolivian concessions or leases, plaintiff believes that he is entitled to the payment to him, out of the proceeds of the said sale, of a sum equal to the value of the said five per cent carried interest, or the sum of $1,000,000, as heretofore shown to the court in an affidavit filed herein by plaintiff, and that plaintiff is entitled to a prior lien upon the proceeds of the sale aforesaid to protect his rights. Plaintiff also believes that, based upon the serious financial condition of defendant corporation, the said sums so to be received by defendant from the said sale, will be disposed of in contravention of the rights of plaintiff, to his irreparable damage and injury."

Nothing further is offered or appears in the present record.

All of plaintiff's references are denied, specifically and categorically, by defendant, in the form of an affidavit of its president, Glenn McCarthy, and dated August 6, 1957, submitted in opposition to the present motion.

3. After a careful consideration of the paper record before me, I can find no affirmative proof of circumstances upon which the extraordinary equitable relief requested by plaintiff ought to be granted. Averments of plaintiff in the substantive portions of his affidavits are made merely on information and belief, which, without more, are insufficient, when controverted, to establish the insolvency or serious financial condition of defendant corporation to the irreparable injury of plaintiff. Moreover, plaintiff has failed to show to this court's satisfaction the right, on what is an unproved and contested claim, to the impressing of a trust or the recognition of a lien in his favor.

4. After argument was had, plaintiff by letter invited the court's attention to additional documents on file in further support of the motion, to-wit, the deposition of J. Lamar Butler in two parts, and dated August 25 and 31, 1955, and plaintiff's brief in support of his motion for default judgment. Passing, for the moment, the question whether these documents are now properly before me, I find nothing therein to warrant a conclusion contrary to the one already reached.

Plaintiff's motion for a preliminary injunction is, therefore, denied. Submit order.