**INTERSTATE COMMERCE COMMIS-
SION, Plaintiff,**

v.

**HUDSON TRANSPORTATION COM-
PANY, Defendant.**

Civ. A. No. 354–59.

United States District Court
D. New Jersey.

June 11, 1959.

**374**

Chester A. Weidenburner, U. S. Atty., Newark, N. J., by Larsh B. Mewhinney, New York City, for plaintiff.

August W. Heckman, Jersey City, N. J., for defendant.

WORTENDYKE, District Judge.

In this proceeding invoking jurisdiction under 49 U.S.C.A. § 322(b), the Interstate Commerce Commission seeks a preliminary and final injunction against further allegedly unauthorized operations by Hudson Transportation Company, a New Jersey corporation, engaged in the transportation of property for the general public in interstate commerce over and upon public highways between points in New Jersey and points in other States, as a common carrier by motor vehicle under Certificate of Public Convenience and Necessity No. MC–113933, issued by the Commission to the carrier. More specifically, the verified complaint alleges that since August 4, 1958, on numerous occasions including those enumerated in "Exhibit 'A'" annexed to the complaint, the carrier served, respectively, Carbondale, Ransom and Shavertown in the State of Pennsylvania, and White Plains and Mt. Kisco in the State of New York, without there being in force a certificate of public convenience and necessity authorizing transportation by the carrier to and from the stated points. The Commission charges that these transportations were in violation of 49 U.S.C.A. § 306(a), and that the carrier intends to continue to operate to and from those points unless restrained from so doing.

Upon the verified complaint, and the affidavits respectively of the District Supervisor and the Secretary of the Commission, plaintiff moved for temporary injunctive relief for the causes therein alleged. No answering affidavit has been presented in behalf of the carrier, but in its answer to the complaint the carrier admits the acts which plaintiff charges, but defendant denies they constitute violations of the limitations prescribed in the certificate under which the carrier is authorized to operate. Defendant also concedes that, unless restrained, it will continue to conduct its operations to and from the points which the Commission alleges are prohibited by the limitations prescribed in the carrier's certificate.

On June 9, 1953, Division 5 of the Commission granted to the defendant a Certificate of Public Convenience and Necessity, No. MC–113933, by the terms of which the carrier was authorized to engage in the transportation of stated categories of commodities in interstate or foreign commerce as a common carrier by motor vehicle "[B]etween Stroudsburg, Pa., and points in Pennsylvania within 40 miles of Stroudsburg, on the one hand, and, on the other, New York, N. Y." and "[B]etween New York, N. Y. and Stroudsburg, Pa., and points in Pennsylvania within 40 miles of Stroudsburg, on the one hand, and, on the other, points in" certain named Counties of New Jersey.

At hearings held, respectively, on May 11 and 13, 1959, upon plaintiff's motion for preliminary injunction, evidence was presented, and thereafter briefs were submitted in behalf of each of the parties. The sole issue presented upon the motion is to be found in the question whether Carbondale or Ransom or Shavertown, Pa. is a point "within 40 miles of Stroudsburg" in that State. If that question is answered in the affirmative, the motion of the plaintiff must be de-

nied, but if answered in the negative, the motion should be granted.

Not only does the defendant admit that it serves Carbondale, Ransom and Shavertown, as well as Kutztown, Pa. and White Plains and Mt. Kisco, New York, but defendant expresses its intention to continue serving Carbondale, despite the Commission's warning and directive of February 2, 1955 to cease such operations, which directive has since been disregarded. Moreover, defendant admits that Kutztown, Pa. and White Plains and Mt. Kisco, New York are respectively points beyond the limits prescribed in the carrier's certificate.

Upon the hearing of May 11, 1959 on the motion for preliminary injunction, there was received in evidence, over defendant's objection, for the purpose of showing the respective air-line distances between Stroudsburg, Pa. on the one hand and Carbondale, Ransom and Shavertown, Pa. on the other, a cardboard sheet measuring approximately nine feet by six feet, upon which were superimposed, by adhesive, twenty-eight 17½″ x 13½″ sectional maps drawn to the scale of 1/62,500 (1 mile to the inch), each covering an area adjoining one or more of the others. These sectional maps were issued by the United States Geological Survey, and were so arranged upon the large sheet as to disclose a contiguous area of all of the sections, which included the locations respectively of Stroudsburg, Carbondale, Ransom and Shavertown. The witness called to authenticate this composite map was a District Supervisor of the Bureau of Motor Carriers of the Interstate Commerce Commission. He testified that the map was prepared by the Department of the Interior of the United States for the witness' use in investigating defendant's operations and that an arc described upon this composite map in red by an unnamed employee of the United States Geological Survey, embraced within its curvature all territory lying within 40 miles of Stroudsburg in all directions, except easterly. By paper arrows of different colors pasted upon the com-

posite sheet by the witness, the respective locations of the questioned shipment destinations in relation to the arc swept by the 40-mile radius originating in Stroudsburg, were emphasized.

The defendant, on its part, placed in evidence a map drawn to a much smaller scale, entitled "Road Type Map of Pennsylvania Showing State Highways and Main Connecting Township and County Roads," said by the authenticating witness to be an official publication of that State. Defendant's Vice-President in charge of traffic and sales testified from the latter map, stating that an arc by him thereon superimposed is swept by a radius of 40 airline miles originating in the outermost limits of Stroudsburg, as designated upon the map, and passes through one or two areas designated upon the map as Carbondale. The witness was unable to say which of the two subdivisions bearing the name Carbondale is that contemplated by the plaintiff's interpretation of the distance limitations of defendant's certificate, which limits the carrier's operations to territory within 40 miles of Stroudsburg. A similar unresolved ambiguity appears in the two areas designated by the name Ransom on the map, through one of which the superimposed circumference passes. The same witness also was unable to locate Shavertown, Pa. on his map, but conceded that White Plains and Mt. Kisco, New York were beyond the operating limits prescribed in his company's certificate of authority. He was unable to state whether pick-ups and deliveries, concededly made by his company in Carbondale, were at points within a 40-mile radius of Stroudsburg, but asserted that a customer served by the defendant in Ransom *is* located within 40 miles of Stroudsburg. He admitted also that defendant has served Kutztown, Pa., which appears to be beyond the circumference delineated on the map to which the witness was referring. According to the legend upon the Road Type map, the place names may designate cities, boroughs, towns or villages, depending upon the size of the letters in

which the name is expressed. I am unable to determine, therefore, from the defendant's map, whether or not Carbondale and Ransom are within or beyond the 40-mile radius contemplated by defendant's certificate of authority. Similarly, because the 40-mile perimeter delineated upon the map presented by the Commission intersects areas designated respectively thereon as Carbondale and Ransom, Pa., I am unable to determine from the evidence presented upon the motion for preliminary injunction that the defendant's current operations are violative of the limitations prescribed in its certificate with respect to those two cities.

The certificate does not indicate whether the Stroudsburg designated as the origin of the 40-mile radius fixed as a limitation upon the area which may be served by the defendant is a city, or other type of political subdivision, nor is there any evidence before me from which I can determine the point in Stroudsburg which should be used as such point of origin.

█ The Commission asks me to take judicial notice that the municipalities of Carbondale, Ransom, Kutztown and Shavertown are more than 40 airline miles from the nearest limit of the municipality of Stroudsburg. That request presents serious difficulties. There is no indication from what point or to what point the distance is to be measured. Under the circumstances of this case, I find myself lacking both in actual and presumed knowledge of the distances which I have been requested to notice judicially. Moreover, the indefiniteness of the respective locations of the points between which the questioned distance must be measured makes it impossible for me to determine by independent research whether or not the 40-mile limitation of the certificate has been violated.

█ Plaintiff's pending application invokes the exercise of my discretion. The principal object of a preliminary injunction is to preserve the *status quo* until the case can be heard upon the merits and the *status quo* is the last uncontested status which preceded the pending controversy. Warner Bros. Pictures, Inc. v. Gittone, 3 Cir., 1940, 110 F.2d 292; Westinghouse Electric Corp. v. Free Sewing Machine Co., 7 Cir., 1958, 256 F.2d 806. The pleadings disclose that the operations sought to be enjoined have been going on for several years. It is not the function of a preliminary injunction to decide the case on its merits. Westinghouse Electric Corp. v. Free Sewing Machine Co., supra. It has not been shown that a *status quo* cries for preservation here. Presumably there is susceptible of presentation upon the plenary trial of the case, evidence which may conclusively determine the critical issue.

█ Since the defendant has admitted by the testimony of its Vice-President that Kutztown, Pa. and Mt. Kisco and White Plains, New York are beyond the limitations of defendant's certificate, defendant will be enjoined from continuing its operations from and to those points. The motion for preliminary injunction is denied with respect to the other points mentioned in the complaint.

This opinion shall constitute my findings of fact and conclusions of law, pursuant to the provisions of Rule 52(a) of the Rules of Civil Procedure, 28 U.S. C.A. An appropriate order may be presented.