**Jesse Wilson CORBIN, d/b/a Corbin's Texaco, Plaintiff-Appellee,**

v.

**TEXACO, INC., Defendant-Appellant.**

**No. 81–5519.**

United States Court of Appeals, Sixth Circuit.

Argued Sept. 3, 1982.

Decided Oct. 14, 1982.

Bruce C. Bailey, Houston, Tex., Randall B. Robinson, White Plains, N. Y., for defendant-appellant.

James L. Bonner, Olive Branch, Miss., for plaintiff-appellee.

Before KENNEDY, Circuit Judge, BROWN, Senior Circuit Judge, and HOLSCHUH,[*] District Judge.

BAILEY BROWN, Senior Circuit Judge.

Appellant Texaco appeals an order of the district court modifying a preliminary injunction. Texaco argues that this modification, which reduced the rent appellee Corbin was obligated by contract to pay Texaco, was beyond the power of the district court.

---

* The Honorable John D. Holschuh, United States District Judge, Southern District of Ohio, sit-

ting by designation.

Texaco and Corbin entered into three-year sublease and sales agreements effective February 1, 1979, under which Corbin was to operate a Texaco service station in Memphis. The sublease specified the rental rates Corbin was obligated to pay Texaco. In February of 1980 the parties agreed to reduce the rent for the remaining period, the rent from February 1, 1981 to January 31, 1982 to be $1,453.00 per month.

Late in 1980, however, Texaco notified Corbin that it was terminating these agreements effective April 15, 1981. On April 8, 1981, Corbin filed a complaint and motion for a preliminary injunction under the Petroleum Marketing Practices Act (PMPA), 15 U.S.C. §§ 2801–2841 (1978). After an evidentiary hearing, the district court granted the preliminary injunction. But, although Texaco was enjoined from terminating the agreements, the preliminary injunction specifically provided that Corbin remained obligated under the contract to pay the agreed rent, and if Corbin defaulted, Texaco could proceed with termination. This order was not appealed.

Within six weeks Corbin filed a motion to modify the preliminary injunction, seeking *inter alia* a reduction in the rent. After oral argument and without taking further evidence the district court granted the motion. This modification order reduced the rent from the contractually required $1,453.00 per month to $953.00 per month for June 1981 through October 1981. To make up the $2,500 difference ($500 for five months), the order required Corbin to pay into an escrow account an additional 2¢ for every gallon of gasoline purchased from Texaco. But Corbin's liability under this aspect of the order is ambiguous. It is unclear whether Corbin's liability for the $2,500 was contingent on the amount paid into escrow, or whether Corbin remained liable for the $2,500 irrespective of the amount of gasoline purchased.

Texaco claims that the order modifying the preliminary injunction was improper for two reasons. First, Texaco argues that this particular modification, a reduction in the agreed rental rate, was beyond the proper scope of a preliminary injunction. Second, Texaco argues that no modification may be made absent evidence of unforeseen circumstances or·additional facts. Our disposition of the first contention makes it unnecessary to address Texaco's second argument.

The district court actually modified the contract, and Texaco argues that it may not do this in the absence of the usual requisites for contract modification, such as mutual mistake or fraud. The two sources of the district court's power to grant this preliminary injunction in this situation are (1) general equity powers, and (2) the PMPA.

It is well established that the purpose of the preliminary injunction is to maintain the status quo or relative position of the parties to preserve the ability of the court to make a meaningful decision after trial on the merits.[1] *University of Texas v. Camenisch,* 451 U.S. 390, 395, 101 S.Ct. 1830, 1833, 68 L.Ed.2d 175 (1981); *Blaylock v. Checker Oil Co.,* 547 F.2d 962, 965 (6th Cir. 1976). The obverse of this standard is that the court may not "alter the prior status of the parties fundamentally." *Warner Bros. Pictures v. Gittone,* 110 F.2d 292, 293 (3d Cir. 1940).

■ By reducing the agreed rent, the modification order altered the prior status of the parties. It actually changed their contractual rights and duties. In equity, a court cannot in effect alter specific terms of the contract by a preliminary injunction, unless there is a contention, such as fraud or mistake, that justifies the revision. The mere burdensomeness of the term is insufficient. Because Corbin makes no such contention, there is no basis in the court's general equity powers for the reduction of rent in this case.

■ Moreover, nothing in the PMPA expands the court's power in issuing a preliminary injunction. To be sure, the PMPA lessens the burden on the retailer in obtaining a preliminary injunction. *Compare* 15

---

1. This standard for preliminary injunctions, maintaining the status quo, also applies to the modification of a preliminary injunction, which is involved in this case.

U.S.C. § 2805(b)(2) *with Friendship Materials, Inc. v. Michigan Brick, Inc.,* 679 F.2d 100, 103 (6th Cir. 1982) (e.g., § 2805(b)(2) does not require a showing of irreparable harm). But § 2805 does not authorize the court to reduce the rent from that agreed to in the parties' contract. Nothing in the PMPA or its legislative history suggests that this statutory preliminary injunction gives the court broader power of contract revision than under the general equity preliminary injunction.

The district court's modification order is reversed, and the case is remanded for further proceedings consistent with this opinion.