H. HERBERT HIRZEL and ANTHONY CORLETTO, defendants below, plaintiffs in error, *v.* JOSEPH SILKER, plaintiff below, defendant in error.

*(October* 28, 1930.)

WOLCOTT, Chan., PENNEWILL, C. J., RODNEY and RICHARDS, J. J., sitting.

*Ayres J. Stockly* for defendants below, plaintiffs in error.

*J. Frank Ball* and *Harry Rubenstein* for plaintiff below, defendant in error.

Supreme Court, No. 2, June Term, 1929.

RICHARDS, J., delivering the opinion of the court:

The only question before this Court is whether under the provisions of the case stated, which is a part of the record in this case, Hirzel and Corletto, the defendants below, appellants, were required to give three months' previous notice in writing of their intention to terminate the lease. They contend that there is no reason why the parties to a lease should not agree that the same should terminate at the expiration of a specified time, and that this intention is clearly expressed in the lease under consideration. The second paragraph of the agreement specifies that the premises are to be occupied for a term of one year and six months from December the twenty-fifth, 1926. The third paragraph of the agreement after providing that the defendants below, plaintiffs in error, should pay all excess water charges and replace all broken lights of glass, contains this language: ,

"*And at the expiration of the said term* (or upon the breach of the said parties of the second part of any of the covenants herein mentioned, at the option of the said parties of the first part, upon not less than ten days' written notice), the said parties of the second part shall and will yield up and surrender quiet and peaceable possession of said premises, with the appurtenances, unto the said party of the first part, his heirs or assigns, in the same good order and conditions as the same now are, reasonable wear and tear thereof, accidents happening by fire or other casualties excepted; any law or usage or anything herein contained to the contrary thereof notwithstanding."

The only place the Agreement speaks of written notice to terminate is in section five, where it uses these words:

"It is further agreed that in case the said parties of the second part shall hold over and remain in possession of the said premises *after the expiration*

*of the said term* they shall be considered as a tenant for another year upon the same terms and conditions as above specified, and so on from year to year until either party hereto shall give at least three months previous notice in writing of their intention to terminate this agreement, and delivery of said notice on the premises shall be sufficient service thereof, any law, custom or usage to the contrary notwithstanding."

■ The law of this State with respect to notice is found at *section 4535 of the Revised Code of 1915*, and reads as follows:

"If there be a demise for a term of one or more years, and three months, or upwards, before the end of the term, either the landlord do not give notice in writing to the tenant in possession to remove, or the tenant do not give like notice to the landlord of his intention to remove from the demised premises, the term shall be extended for another year, for which the tenant shall pay the rent, and all the stipulations of the demise shall continue in force."

There can be no doubt that under the above quoted statute, one desiring to terminate a lease for one or more years, is required to give three months' written notice of his intention to the other party thereto.

It applies to every contract or demise, either oral or written, by which lands are rented in this State. The wording of the statute leads one to believe that a leasing for a definite term was contemplated by the framers, as it specifies that when notice is not given, the term shall be extended for another year, and does not state that the tenant shall remain in possession of the property for another term.

We are now called upon to consider whether the requirements of the statute can be waived, and what would amount to a waiver thereof.

■ It is generally held by the authorities that all rights or privileges to which a person is legally entitled, which rest in the individual and are intended for his sole benefit, may be waived; whether such rights are secured by contract, or conferred by statute. *Brooks v. State,* 3 *Boyce* 1, 79 *A.* 790, 51 *L. R. A.* (*N. S.*) 1126, *Ann. Cas.* 1915A, 1133; *Knickerbocker Life Ins. Co. v. Norton,* 96 *U. S.* 234, 24 *L. Ed.* 689; *Ohio Valley Buggy Co. v. Anderson Forging Co.,* 168 *Ind.* 593, 81 *N. E.* 574, 11 *Ann. Cas.* 1045; *People v. Board of Police Com.,* 174 *N. Y.* 450, 67 *N. E.* 78, 95 *Am. St. Rep.* 596; *Morrison v. Underwood,* 5 *Cush.* (*Mass.*) 52.

■ But this intention to waive one's rights and privileges must be clearly shown. Does the agreement under consideration show an intention on the part of the principals thereto to waive the three months' statutory requirement of notice?

The provision for ten days' written notice found in the third section is applicable to the breach of the covenants therein mentioned and not to the expiration of the term.

This section also stipulates that at the expiration of the term the parties of the second part shall and will yield up and surrender quiet and peaceable possession to the party of the first part, any law or usage or anything therein contained to the contrary thereof notwithstanding.

Section five sets forth that in case the parties of the second part shall remain in possession of the premises after the expiration of the term, they shall be considered tenants for another year upon the same conditions, and so on from year to year until either party shall give at least three months' previous notice in writing to terminate the agreement. This is the only place in the agreement where three months' notice is spoken of. It should be noticed that the words are used after the provision that in case the parties of the second part held over after the end of the term, they should be considered tenants for another year and so on from year to year, which shows that it was not intended to apply to the termination of the term originally provided for. It should also be noticed that a new term is not specified when there is a holding over but only a tenancy for another year. The agreement clearly recognizes the existence of statute by providing for three months' notice in order to terminate this yearly tenancy. The latter part of this section makes use of the words "any law, custom or usage to the contrary notwithstanding," which are practically the same as the words used in the latter part of section three herein above referred to. Just what meaning these words were intended to convey, we are unable to tell. Similar expressions are often found in leases, but, it is inconceivable that parties to a lease, desiring to waive the requirements of a statute, as to notice, would attempt to do it in this manner.

In the case of the *Mayor of Philadelphia v. Davis*, 6 *Watts & S. (Pa.)* 269, involving the construction of a statute passed by the Legislature of Pennsylvania, which concluded with the words "any law, usage or custom to the contrary notwithstanding," Chief Justice Gibson made the following comment:

"The concluding expletive was not thrown in to give the section a repealing tendency. It was freely used by the Legislature, at that day, to round off a period, and perhaps to jog the memory of the Judges, lest they should forget that posterior laws abrogate those which happen to be prior and contrary to them."

We admit there are many authorities to the effect that in construing the provisions of a lease the tenant should be favored in preference to the landlord, but, this principle has no application to the question now before the Court.

The fact that the defendants below, appellants, removed from the premises a month and a half before the expiration of their term, is of no significance as they were still responsible therefor and in legal contemplation were still in possession thereof.

The common-law rule seems to be that a tenancy for a term of years terminates at the expiration of the term and notice to quit is not necessary. *Gregg v. Von Phul*, 1 *Wall.* 274 (17 *U. S.*) 536, 17 *L. Ed.* 536; *Kuhn v. Smith*, 125 *Cal.* 615, 58 *P.* 204, 73 *Am. St. Rep.* 79; *Stockwell v. Marks*, 17 *Me.* 455, 35 *Am. Dec.* 266; *Steffens v. Earl*, 40 *N. J. Law* 128, 29 *Am. Rep.* 214; *Gladwell v. Holcomb*, 60 *Ohio St.* 427, 54 *N. E.* 473, 71 *Am. St. Rep.* 724; *Cobb v. Stokes*, 8 *East* 358, 15 *Eng. Rul. Case* 621.

Where there is a statute providing for notice, as in this State, the common-law rule cannot be followed.

As before stated, the parties to a lease may waive the statutory notice to remove from the premises, but, their intention to so waive should clearly and unmistakably appear from the language used. Such an intention is not plainly expressed in the lease now before the Court.

We, therefore, hold that the defendants below, appellants, should have given the statutory notice of their intention to remove from the property.

The judgment below is affirmed.