ABRAHAM GOBERMAN and ABRAHAM HINDIN, Bailiff, d. b. a., v. HOWARD CLEANERS, INC., p. b. r.

(*June* 10, 1933.)

HARRINGTON, J., sitting.

*P. Warren Green* for Plaintiff Below, Respondent.

*Evangelyn Barsky* for Defendant Below, Appellant.

Superior Court for New Castle County. Appeal from a judgment entered by a Justice of the Peace in an action of Replevin pending before him; said action in this court being No. 245 to the September Term, 1931.

HARRINGTON, J., delivering the opinion of the Court:

This is an action of replevin for certain goods and chattels distrained on for one month's rent claimed to be due from Howard Cleaners, Inc., the plaintiff in the action before the Justice.

The tenant was in possession under a lease for one year from May 25, 1930. It moved out on May 23, 1931, but it is conceded that the usual statutory notice to quit was not given by either party.

The question, therefore, is whether, by reason of that fact, the term of the tenant was automatically extended for one month, and whether it is liable for the rent for that period; or whether by reason of the provisions of the lease no notice to quit was necessary to terminate it.

The property was leased at an annual rental of $2,100 payable, in advance, at the rate of $175 per month.

The lease, among other things, provides, however, that "the party of the second part (Howard Cleaners, Inc.) shall, at the expiration of this lease, have the option of renting said store for the further term of two years at the rent of Two Hundred Dollars per month."

A subsequent clause, also, provides:

"That in case the said party of the second part (Howard Cleaners, Inc.) shall hold over and remain in possession of the said premises after the expiration of the said term (meaning one year), it shall be considered as tenant for another two years upon the terms and conditions, as above specified, and so on from two years to two years until either party hereto shall give, at least, 3 mo. previous notice in writing of their intention to terminate this agreement. * * *"

*Chapter* 271 of *Vol.* 36, *Laws of Delaware,* provides:

"If there be a demise for a term of one or more years, and three months, or upwards, before the end of the term, either the landlord do not give notice in writing to the tenant in possession to remove, or the tenant do not give like notice to the landlord of his intention to remove from the demised premises, the lease shall be extended for another year, for which the tenant shall pay the rent, and all the stipulations of the demise shall continue in force, provided that if there be a demise for a term of one or more years of real estate, situate in the City of Wilmington, Delaware, and three months or

upwards before the end of the term either the landlord do not give notice in writing to the tenant in possession to remove, or the tenant do not give like notice to the landlord of his intention to remove from the demised premises, the lease shall be extended, and after the end of the term, unless the lease provides otherwise, it shall be a lease by the month for which the tenant shall pay the rent, and all of the stipulations of the lease shall continue in force except those specifying the length of the term and the notice required to terminate the same." (*Section* 2.)

The leased premises are located in the city of Wilmington.

■ Notwithstanding the provisions of this statute, it is clear that the notice, therein provided for, is for the benefit of the parties and may be waived by them if such an intent is apparent on the face of the lease. *Hirzel v. Silker*, 4 *W. W. Harr.* (34 *Del.*) 588, 156 *A.* 360.

In fact, there is a clear implication to that effect in the proviso of the statute.

[2] As I view the provisions of the lease, such an intent is apparent in this case. Under its terms, though the tenant was given the option to re-rent the property for an additional term and at an increased rent, it was not compelled to exercise that option until "the expiration of this lease." This clearly referred to the expiration of the original term of one year. See *Caito v. Ferri*, 44 *R. I.* 261, 116 *A.* 897.

This provision is binding on both parties to the lease and a notice to quit, according to the statute, could, therefore, serve no purpose that would be beneficial to the landlord. In fact, such a notice would be inconsistent with this clause, and my conclusion, therefore, is that it was waived by the agreement of the parties.

This conclusion is further strengthened by the fact that the hold over clause expressly provides that the usual statutory notice to quit shall be necessary to terminate any subsequent term therein referred to; but there is no such provision as to the first leasehold period of one year.

Most of the cases cited by the landlord merely consider the difference in the rights of the parties between options to extend and options to renew or re-rent (*Kollock v. Scribner*, 98 *Wis.* 104, 73 *N. W.* 776; *Orton v. Noonan*, 27 *Wis.* 272; *Swank v. St. Paul City R. Co.*, 72 *Minn.* 380, 75 *N. W.* 594; *Andrews v. Marshall Creamery Co.*, 118 *Iowa* 595, 92 *N. W.* 706, 60 *L. R. A.* 399, 96 *Am. St. Rep.* 412; *Wood on Land. & Ten.* 669, 674), but that is not the question before us.

*Roberts v. Grubb*, 5 *Houst.* 461, and *Bonsall v. McKay*, 1 *Houst.* 520, are also cited but neither of them involved questions like this.

For the reasons above given, my conclusion is that a notice to quit was not necessary and that the term of the tenant was not extended by his failure to give it.

Judgment must, therefore, be entered for the tenant, Howard Cleaners, Inc., and against Abraham Goberman and Abraham Hindin, Bailiff, for 6 cents and costs.[1]

---

[1] Judge Rice also sat in the argument of this case and was preparing an opinion to this same effect, but died before it was completed.