**WARNER BROS. PICTURES, Inc., et al. v. GITTONE, Mayor, et al.**

No. 7258.

Circuit Court of Appeals, Third Circuit.

Feb. 9, 1940.

Wm. A. Schnader and Howard S. McMorris, both of Philadelphia, Pa. (Schnader & Lewis, of Philadelphia, Pa., of counsel), for appellants Paramount Pictures, Inc., and others.

.D. Benjamin Kresch and Morris Wolf, both of Philadelphia, Pa. (Wolf, Block, Schorr & Solis-Cohen, of Philadelphia, Pa., of counsel), for appellants Warner Bros. Pictures, Inc., and others.

Benjamin M. Golder, of Philadelphia, Pa., for appellant Vitagraph, Inc.

William B. Rudenko and Harry Shapiro, both of Philadelphia, Pa., for appellees.

Before BIGGS, MARIS, and CLARK, Circuit Judges.

PER CURIAM.

■ This is an appeal by the defendants from a decree of the District Court for the Eastern District of Pennsylvania granting a preliminary injunction. The suit was brought under Section 16 of the Clayton Act, 15 U.S.C.A. § 26. The principal litigants are engaged in various phases of the moving picture industry. The decree appealed from was entered by the District Court upon a record consisting primarily of affidavits filed by the parties. The only oral testimony received by the court was that of adverse witnesses called by the plaintiffs as for cross-examination. Their testimony, however, as we read the record, was not of the first importance to the fundamental issue in the case. That issue is the right of the defendant distributors to refuse to furnish the plaintiff theatre with first-run moving pictures. In the view we take this question, fundamental to the moving picture industry and perhaps also generally, may not be decided at this stage of the proceeding.

■ We have pointed out frequently that the granting of a preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it. New York Asbestos Mfg. Co. v. Ambler Asbestos Air Cell Cov. Co., 3 Cir., 102 F. 890; Barker Painting Co. v. Brotherhood of Painters, 3 Cir., 15 F.2d 16; Murray Hill Restaurant v. Thirteen Twenty One Locust, 3 Cir., 98 F.2d 578. To justify the granting of such an injunction there must be a showing of irreparable injury during the pendency of the action. American Mercury v. Kiely, 2 Cir., 19 F.2d 295; Murray Hill Restau-

rant v. Thirteen Twenty One Locust, supra. It must also appear that the injunction is required to preserve the status quo pendente lite. American Mercury v. Kiely, supra; 1 Joyce on Injunctions, § 109a; 1 High on Injunctions, § 10.

■ In the present case the trial judge found that the exhibitor plaintiffs have suffered and will continue to suffer irreparable loss unless given injunctive relief. The defendants strongly urge that this finding is not supported by the record. We need not decide this question, however, for we are clear that the effect of the preliminary injunction which the court granted was not to preserve the status quo but rather to alter the prior status of the parties fundamentally. Such an alteration may be directed only after final hearing, the office of a preliminary injunction being, as we have pointed out, merely to preserve pendente lite the last actual noncontested status which preceded the pending controversy. Audenried v. Philadelphia & Reading Railroad Co., 68 Pa. 370, 8 Am.Rep. 195; Fredericks v. Huber, 180 Pa. 572, 37 A. 90. Irreparable loss resulting from refusal to accord the plaintiff a new status, as distinguished from interference with rights previously enjoyed by him, does not furnish the basis for interlocutory relief.

■ Furthermore we think that a preliminary injunction should not have been granted upon evidence largely in the form of affidavits as was done in the case before us. The evidence was conflicting and the trial judge, in order to enable him to resolve these conflicts, should have been afforded the opportunity of testing the credibility of the witnesses by having the benefit of their cross-examination and, if possible, their presence in court. In the absence of such opportunity the affidavits of each side were entitled to equal weight.

The decree of the District Court is reversed and the cause is remanded, with directions to proceed to final hearing upon the merits.