See also D.C., 137 F.Supp. 326.

CLIFTON PARK MANOR, SECTION ONE, Inc., Clifton Park Manor, Section Two, Inc., Clifton Park Manor, Section Three, Inc., Delaware corporations, C. Porter Schutt, Thomas E. Brittingham, Jr., Charles R. Martin and Charles F. Benzel, Plaintiffs,

v.

Norman P. MASON, Federal Housing Commissioner, and Federal Housing Administration, Defendants.

Civ. A. No. 1734.

United States District Court
D. Delaware.

July 27, 1955.

Clair J. Killoran and John Van Brunt (of Killoran & Van Brunt), Wilmington, Del., for plaintiffs.

Leonard G. Hagner, U. S. Atty., Wilmington, Del., and Max L. Kane, Atty., Dept. of Justice, Washington, D. C., for defendants.

LEAHY, Chief Judge.

■■ 1. The problem involved here concerns the legality of a dividend paid by a Delaware corporation as well as the rights, under the charter contract of that Delaware corporation, between the stockholders inter sese. This calls for the application of Delaware law exclusively. Such a judicial matter is peculiarly within the expert competence of the Delaware Courts. There is now pending in the Delaware Court of Chancery a companion suit to the one pending here. Under 12 U.S.C.A. § 1702, that Court would appear to have concurrent jurisdiction with this court. In an effort to maintain that delicate balance which should exist between the Federal and State Courts, I shall not interfere with the Court of Chancery action by issuing the preliminary injunction sought in this court. I shall enter an order staying the action here in order to permit the parties to proceed in the action in the Court of Chancery for, as I have said, the State Court should first solve the problem of the legality of the charter provisions of a Delaware corporation, the Delaware statutes, or any and all action taken by the parties under that charter.

■ 2. Moreover, the argument made before me today fails to show why a preliminary injunction should issue. No notice has been published by respondents, as they had the right to do, calling a meeting. In fact, respondents' counsel stated in open court no meeting is presently planned or scheduled.

■ A court of equity does not enjoin an act which is not about to take place. Also, where difficult questions of law and fact are in dispute and where the parties seek relief which calls for one of the extraordinary equitable remedies, it is established law of this District and Circuit that a preliminary injunction will not issue under such circumstances. Henis v. Compania Agricola de Guatemala, D.C.Del., 116 F.Supp. 223, 225; Sneider v. Transcontinental & Western Air., D.C.Del., 79 F.Supp. 339, 341; Reynolds Intern. Pen Co. v. Eversharp, D.C.Del., 63 F.Supp. 423; citing Warner Bros. Pictures v. Gittone, 3 Cir., 110 F.2d 292; Murray Hill Restaurant v. Thirteen Twenty One Locust, 3 Cir., 98 F.2d 578; Hand v. Missouri-Kansas Pipe Line Co., D.C.Del., 54 F.Supp. 649; Oneida Community v. Fouke Fur Co., D.C.Del., 286 F. 757; General Talking Pictures v. Stanley Co., D.C.Del., 42 F.2d 904; Popular Mechanics Co. v. Fawcett, Publications, D.C.Del., 1 F.Supp. 292;

United States v. Weirton Steel Co., D.C. Del., 7 F.Supp. 255. The party seeking a preliminary injunction must not only allege facts as to which there is no serious dispute but also indicate such facts must show that the moving party has a reasonable probability of success upon final hearing. Therefore, in the event I did not stay this action, as I intend to do, I would have denied the motion for preliminary injunction on these stated grounds.

Motion for preliminary injunction is denied.