Cecil G. DALLAS, Plaintiff,

v.

ATLANTIC REFINING COMPANY, a corporation of the State of Pennsylvania, Defendant.

Civ. A. No. 2278.

United States District Court
D. Delaware.

Dec. 31, 1960.

Paul R. Reed, Georgetown, Del., for plaintiff.

Louis J, Finger, Richards, Layton & Finger, Wilmington, Del., Joel L. Carr, New York City, for defendant.

Plaintiff seeks preliminary injunctive relief against a "threatened cancellation" of a lease by defendant The Atlantic Refining Company to plaintiff of a gasoline station in Georgetown, Delaware.[1] Plain-

1. Count II of the complaint is for treble damages for alleged violation of § 3 of the Clayton Act, 15 U.S.C.A. § 14.

tiff argues defendant has not given proper notice for termination of the lease as required by Delaware law, and the attempt to cancel the lease is merely another facet of defendant's violation of the Clayton Act.[2]

For two years plaintiff has been the operator of a service gas station at Georgetown, Delaware, known as "Atlantic Service Center", as lessee [3] of defendant. Plaintiff claims on December 16, 1960 defendant gave notice to vacate on December 31, 1960. The original lease was for a term ending December 31, 1959 and was extended for a one year term to December 31, 1960. Defendant says it gave no notice of termination because the lease, by its terms, terminates automatically on December 31, 1960 without notice by either party. But defendant avers further plaintiff already expressed an intention not to renew the lease [4] on the basis of which defendant has already secured a replacement tenant to operate the gas station.[5] Plaintiff stated he was only kidding and wants to renew the lease.[6]

Plaintiff pitches his claim of violation of the Clayton Act on the averment that in February 1960 defendant tried to coerce plaintiff into selling Firestone Tires distributed by defendant, while plaintiff wanted to sell Lee Tires. The alleged

coercion took the form of a threatened "cancellation of the lease". Defendant denies this.[7] There are also averments plaintiff would not be in this present situation if he had "played ball", but this, too, is denied.[8] Defendant offered statements it had an official policy against forcing dealers to buy TBA (tires, batteries, accessories) products which they did not want to handle; [9] and all sales personnel calling upon dealers were told there would no deviation from defendant company's policy.[10] A letter announcing this policy was delivered to plaintiff when he became a dealer [11] and if any of defendant's salesmen should act to the contrary, the dealer should bring this matter to the attention of defendant's Regional Manager of Marketing.[12] Plaintiff never made any complaint of a violation of defendant's policy.[13]

Defendant avers that on November 2, 1960 it prepared a new lease, renewing the old lease, for plaintiff's signature,[14] and on November 16, took the lease to plaintiff's service station for signature but before it was presented plaintiff stated he no longer wished to operate the gas service station and a replacement-tenant should be secured.[15] A new tenant-dealer has been obtained.[16] As stated, plaintiff

2. Plaintiff's motion is based upon three affidavits, the material allegations of which are denied by defendant's counter-affidavits.

3. See Quay affidavit, Exs. A and C, for copies of the lease.

4. Murphy affidavit par. 2; Bowman affidavit par. 4.

5. Murphy, ibid., par. 3; Bowman, ibid., Ex. A.

6. Murphy, par. 4; Bowman, par. 4.

7. Butterfield affidavit par. 2; Murphy, par. 5; Bowman, pars. 2, 3; Quay, pars. 4, 5, 6 and Ex. B. Knight for plaintiff describes a conversation overheard as early as August 1959 during which a representative of defendant and Firestone "were putting high pressure" on plaintiff to sign as an exclusive dealer for Firestone tires. Defendant denies this (Butterfield, par. 2) or that any threats were made by Atlantic Refining Company it would not renew the original

lease because the original lease ending December 16, 1959 was, in fact, renewed to December 1960 with knowledge on the part of defendant that plaintiff intended to sell Lee rather than Firestone tires (Quay, par. 3).

8. Murphy, pars. 5 and 6.

9. Quay, par. 4, Ex. B.

10. Quay, par. 4.

11. Quay, par. 4, Ex. B.

12. Quay, Ex. B.

13. Quay, par. 4.

14. Quay, par. 7; Bowman, par. 2; Murphy, par. 2.

15. Murphy, par. 2.

16. After November 16, 1960 defendant obtained a replacement dealer who made a deposit for the new tenancy, gave notice to *his* employer of termination of his employment, gave notice to *his* landlord of termination of the lease of his

avers he always wanted to renew the lease and was only kidding when he suggested the contrary.[17]

LEAHY, Senior District Judge.

■ 1. The original lease was for a fixed term ending December 31, 1959 and was renewed for another fixed term ending December 31, 1960. The lease provided for no notice.[18] Under Delaware law[19] notice provisions for a year lease may be waived so as to cause the lease to terminate at the end of the term.[20] Moreover, it would appear, on the present paper record, plaintiff waived any rights to notice when he advised defendant that plaintiff wished to discontinue his operation of the gas service station and defendant should seek a replacement.[21]

■ 2. Assuming arguendo plaintiff is entitled under Delaware law to continued possession, injunctive remedy is hardly required under the circumstances. Plaintiff may continue in possession. Then he resists any legal action for eviction. There is no showing damages would not be an adequate remedy if plaintiff will sustain any. For injunction process to issue irreparable injury is essential.[22] In addition, the Federal District Court, here, should not interfere with orthodox legal procedures and remedies under Delaware law on an issue, such as presented, which calls for the application of Delaware law exclusively.[23] And, in addition jurisdiction on this issue is doubtful.[24]

■ 3. The remaining issue is whether the alleged violation of the Clayton Act justifies issuance of a preliminary injunction. The narrative of the facts, as each party recites them, shows *the facts are in serious dispute.* The law of this jurisdiction is where the paper record shows a serious dispute as to the facts the preliminary injunction must be denied.[25] Plaintiff has failed to carry another burden, e. g., to show he has a reasonable probability of success upon the factual issues that, at final hearing, his refusal to carry Firestone Tires caused the lease not to be renewed and

residence in Middletown, Delaware, and made an agreement to rent a house in Georgetown for himself and family. Murphy, par. 3.

17. See note 6, supra.

18. "7. * * * On termination of the lease, Lessee shall deliver the leased premises to Lessor in the same condition in which Lessee is obligated to use and maintain the same hereunder, reasonable wear and tear and damage due to matters beyond the control of Lessee excepted * * *."

"11. Whenever this lease shall terminate Lessee hereby waives all right to any notice or demand to quit possession as prescribed by any statute then in force relating to summary process, and Lessor shall have the right to retake possession of the leased premises, together with products and merchandise located thereon, such products and merchandise to be accounted for in accordance with law and the respective rights of the parties at such time".

19. 25 Del.C. § 5104.

20. Goberman v. Howard Cleaners, 5 W.W. Harr. 428, 166 A. 793; Hirzel v. Silker, 4 W.W.Harr. 588, 156 A. 360.

21. Murphy, par. 2; Bowman, par. 2.

22. Warner Bros. Pictures v. Gittone, 3 Cir., 110 F.2d 292.

23. Clifton Park Manor, Section One v. Mason, D.C.Del., 137 F.Supp. 324, at page 325.

24. If jurisdiction is sought on diversity, jurisdictional amount is neither alleged nor shown, 28 U.S.C.A. § 1332(a), as it must be in equitable as well as legal actions. 1 Moore's Fed.Prac. par. 0.95 et seq. At best, under 25 Del.C. § 5104 plaintiff will get a lease by the month and terminable on a month's notice, § 5106. It would appear obvious the minimum jurisdictional amount of $10,000 is not involved here.

25. The following cases contain all the cited cases in the District of Delaware and the Third Circuit: Clifton Park Manor, Section One v. Mason, supra; Benton v. Glenn McCarthy, Inc.. D.C.Del., 154 F. Supp. 670; Acme Fast Freight v. United States, D.C.Del., 135 F.Supp. 823; Sims v. Greene, 3 Cir., 161 F.2d 87; Warner Bros. Pictures, supra.

such was part and parcel of the alleged violation of the Clayton Act.[26]

4. The basis for refusal to issue the injunctive process has been stated, and there is no present necessity to rule on whether the facts contended for by plaintiff would establish a violation of § 3 of the Clayton Act. The motion for a preliminary injunction will be denied.

Submit order.