NORTH CAROLINA NATURAL GAS CORPORATION, Plaintiff,

v.

UNITED STATES of America and Interstate Commerce Commission, Defendants.

Civ. A. No. 2360.

United States District Court
D. Delaware,
at Wilmington.

July 25, 1961.

See also 200 F.Supp. 745.

**742**

James M. Tunnell, Jr., and George T. Coulson (Morris, Nichols, Arsht & Tunnell) Wilmington, Del., and William J. Grove (Dow, Lohnes & Albertson) Washington, D. C., for plaintiff.

Leonard G. Hagner, U. S. Atty., Wilmington, Del., for defendant the United States.

H. Neil Garson, Washington, D. C., Assoc. Gen. Counsel for Interstate Commerce Commission.

Joseph L. Lenihan, Louisville, Ky., for Louisville & Nashville Railroad Co., intervenor.

Earl E. Eisenhart, Jr., Washington, D. C., for Southern Ry. Co., intervenor.

Homer S. Carpenter (Rice, Carpenter & Carraway) Washington, D. C., for Property Owners Committee, intervenor.

Charles F. Rouse, Raleigh, N. C., for Carolina Power & Light Co., intervenor.

LEAHY, Senior District Judge.

Plaintiff's arguments for equitable relief are cast in the orthodox mold, viz.: irreparable harm by the ICC orders; the sought injunction will cause no injury or damage to others; continued effectiveness of the filed Tariffs and rates will cause sales of natural gas to Carolina Power and Light Company to be uneconomical to plaintiff and destroy contractual arrangements entered by that company with plaintiff, with the resultant destruction of plaintiff as a competitor; and, finally, to permit the Tariffs to remain effective "is not in the public interest." In addition, plaintiff argues 1. it has no adequate remedy at law; 2. it has exhausted its administrative remedies; [4] and 3. it will probably prevail on final decision and determination of the legal issues raised by the complaint.[5]

Plaintiff's legal argument is the reduced rates contained in the filed Tariffs are in violation of § 2 of the Interstate Commerce Act; the law prior to and independent of the Act, and the law subsequent to the Act, establishes all shippers and consignees must be charged an equal rate; the ICC itself has held volume rates are unlawful; and that the agreed upon volume reduced rates in SFTB Tariff 903, SFA ICC S–96 and SFTB Tariff 903–A, SFA ICC S–133 are, in addition, in violation of the Elkins Act, 49 U.S.C.A. § 41(1). Not only do the ICC and the Intervenors resist the issuance of a temporary restraining order, but the ICC and the Property Owners Committee have also moved to dismiss the complaint, because of 1. failure to ex-

---

4. This is exuberantly challenged by the ICC and the Intervenors.

5. Ditto.

haust administrative remedies;[6] 2. lack of standing to sue; and 3. lack of jurisdiction of this court to give the remedy sought in the complaint.

■ 1. The sole issue before the court at this time is whether the present record, consisting mainly of the proceedings before the ICC, justifies the issuance of the temporary injunctive process. A reading has been had of the record before the ICC. The legal effect of those proceedings are in serious dispute. The law of this jurisdiction is, where such record shows a serious dispute, a temporary restraining order or preliminary injunction must be denied.[7] A party seeking a temporary restraining order or a preliminary injunction must not only allege facts as to which there is no serious dispute, but also indicate such facts which show that the moving party has a reasonable probability of success upon final hearing. If any doubts are created, at the hearing and argument, as to the merits of the claim to relief, or the power of the court to act, the temporary restraining order or preliminary injunction will be denied. Acme Fast Freight v. United States, D.C.Del., 135 F.Supp. 823. And, in Acme Fast Freight, Inc. v. United States & Interstate Commerce Commission, CA 1761 (D.C.Del.) November 4, 1955, Judge Rodney, after finding no irreparable injury had been shown where the Interstate Commerce Commission had refused to suspend a certain rate, denied a temporary restraining order.

■ 2. All the party respondents opposed the motion for temporary restraining order. In addition, the ICC and the Property Owners Committee argued their motions for the dismissal of the complaint for the reasons noted, supra. These matters were argued on July 18, 1961. Later, I discovered that on July 18, 1961, Chief Judge BIGGS had entered an order pursuant to §§ 2284, etc. of 28 U.S.C., designating Circuit Judge GOODRICH and District Judge RODNEY to sit with me as members of the court for the hearing and determination of the instant case. There appears to be no procedural difference if a 3-judge court is considering an action attacking the constitutionality of a State statute and a proceeding for a 3-judge court involving an order of the Interstate Commerce Commission. If a State statute is under attack, for example, the judge to whom the complaint is initially handed rules, in the first instance, whether the complaint on its face sets forth a cause of action sufficiently to require a 3-judge court. If it does not, the single judge dismisses the complaint. Voege v. American Sumatra Tobacco Corp., et al, D.C.Del., 192 F.Supp. 689; Blue & Gold Stamps, Inc., v. Sobieski, D.C.S.D.Cal., 190 F.Supp. 133, 134–35; Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152. This view was recently supported in the Court of Appeals, Two Guys from Harrison-Allentown, Inc. v. McGinley, 3 Cir. 266 F.2d 427; Sealy v. Department of Public Instruction of Pennsylvania, 3 Cir., 252 F.2d 898, cert. den. 356 U.S. 975, 78 S.Ct. 1139, 2 L.Ed. 2d 1149. The same appears to apply to actions involving the Interstate Commerce Commission. In Virginian Ry. v.

---

6. Trans. p. 4–5:
   "The Court: Before you go on to No. 2, what form would that further procedure take?
   "Mr. Garson: Well, your Honor, under § 13 of the Inter-State Commerce Act the avenue is left open to them at any time to file a complaint, a formal complaint challenging the rates before the Commission, and at the same time they will get a full hearing. After that the Commission can rule upon the matters submitted to them. All parties would be on notice of their position."

7. The following cases contain all the cited cases (which are legion) in the District Court of Delaware and the Third Circuit: Dallas v. Atlantic Refining Co., D.C.Del., 189 F.Supp. 815; Clifton Park Manor, Section One v. Mason, D.C.Del., 137 F.Supp. 324, 325; Benton v. Glen McCarthy, Inc., D.C.Del., 154 F.Supp. 670; Acme Fast Freight v. United States, D.C.Del., 135 F.Supp. 823; Sims v. Greene, 3 Cir., 161 F.2d 87; Warner Bros. Pictures v. Gittone, 3 Cir., 110 F. 2d 292. As stated, these cases cite, in turn, the remaining cases, on the point, in this district and circuit.

United States, 272 U.S. 658, 47 S.Ct. 222, 71 L.Ed. 463, the Court points out that the power to review the constitutionality of a State statute and an order of the ICC spring from the same statutory source (pp. 668–72, 47 S.Ct. p. 222), and the statutes pertaining to 3-judge courts are in pari materia.

In National Motor Freight Traffic Association, Inc. v. United States & Interstate Commerce Commission, D.C.D.C., CA 1689–60, July 20, 1960 (unreported), Judge McGuire dismissed a complaint as a single-judge district court, even though a request had been made for a 3-judge court. So, too, in American Commercial Barge Line Co., et al, v. United States & Interstate Commerce Commission, D.C. W.D.Pa., CA 60–751, November 20, 1960 (unreported), Judge Marsh wrote:

"The defendants have moved that this court, as a single judge, dismiss the plaintiffs' complaint which seeks, inter alia, the convention of a 3-judge court under 28 U.S.C.A., §§ 2325, 2284, to hear the complaint for an interlocutory and permanent injunction. After a study of the complaint and upon due consideration of the oral arguments of all parties in interest the court is satisfied that this case is identical in principle with the case of Helm's Express, Inc.; et al, v. The United States of America and the Interstate Commerce Commission, Civil Action 17904 (W.C.Pa.1959). The court in the Helm's case, which was composed of Judge Staley of the Court of Appeals for the Third Circuit, along with Judge Miller and myself of this court, dismissed the complaint for reasons which indicated that the court did not have jurisdiction to grant the relief sought.

"It is the opinion of this court that a 3-judge court would not have jurisdiction to grant the relief sought by plaintiffs, and therefore that the complaint would be dismissed and that this may be done by this court sitting as a single judge. See: Eastern States Petroleum Corpora-

tion v. Rogers, 280 F.2d 611, 615–616, 108 U.S.App.D.C. 63 (C.A.D.C. 1960); National Motor Freight Traffic Association, Inc. v. United States and Interstate Commerce Commission, Civil No. 1689–60 (D. C.D.C., July 20, 1960)."

To the same effect, in Jones Truck Lines, Inc. v. United States & Interstate Commerce Commission, D.C.W.D.Ark., CA 288, June 17, 1955 (unreported), Judge Joe Miller dismissed a complaint for lack of jurisdiction for failure to exercise the administrative process where, also, the complaint had asked for a 3-judge court. In Davidson Transfer & Storage Co. v. United States, D.C.Md., 164 F.Supp. 571, Judge Thomsen wrote (p. 573):

"When a complaint requesting that a three-judge court be convened is presented to a district judge, it is his duty to examine the pleadings to see if the district court has jurisdiction and whether it is a case which calls for the convening of a three-judge court. Jacobs v. Tawes, D.C.D.Md., 151 F.Supp. 770, affirmed 4 Cir., 250 F.2d 611. If the case is one which must be heard on the merits by a three-judge court, a single judge should not dismiss for lack of jurisdiction unless such lack clearly appears from the pleadings. On the other hand, the single judge should be sure that the case is one which requires the convening of a three-judge court before setting in motion the cumbersome machinery involved in such a proceeding."

In all of the cited authorities, it does not appear whether the 3-judge court had, in fact, been convened at the time of the argument to dismiss the complaint. That fact, however, is present in the instant case, for, as stated, the order of Chief Judge BIGGS was entered on July 18, 1961 convening the 3-judge court.

In Eastern States Petroleum Corp. v. Rogers, 108 U.S.App.D.C. 63, 280 F.2d 611, after discussing the question of whether a single judge is authorized to dismiss a complaint, in the light of the

statutory prohibition against such action, Judge Bazelon wrote (280 F.2d p. 616): *"As these decisions make clear, the provision of § 2284 precluding single judge dismissal, along with the other procedural requirements of that section, becomes operative only after a 3-judge court is convened."*

Hence, the present writer, although having heard argument at length, hesitates to rule on the motions to dismiss the complaint for the reasons urged by the respondents, since the three-judge Court was in convention on July 18, 1961, the day of the hearing and argument before the writer. The parties may stipulate to have the argument on the motions to dismiss determined by the full three-judge Court on the basis of the arguments already made and found in the Transcript of Hearing and Argument, or the motions to dismiss will be re-heard by the three-judge Court.

The motion for temporary restraining order is, however, denied.

See, also, 200 F.Supp. 740.