**KONTES GLASS COMPANY, Plaintiff,**

v.

**LAB GLASS, INC., Cenco Instruments Corporation, and Edward B. Brown, Defendants.**

**Civ. A. No. 1048–65.**

United States District Court
D. New Jersey.

Feb. 18, 1966.

Tuso, Gruccio & Tuso, by Thomas Tuso, Vineland, N. J., and Seidel & Gonda, by Arthur H. Seidel, Philadelphia, Pa., for plaintiff.

Palese & Palese, by Donald Palese, Camden, N. J., and Paul & Paul, by James C. McConnon, Philadelphia, Pa., for defendants.

COHEN, District Judge.

Plaintiff, Kontes Glass Company (Kontes), a New Jersey corporation of Vineland, New Jersey, pursuant to Rule 65 F.R.Civ.P., moves before trial for a Preliminary Injunction enjoining defendants, Lab Glass, Inc. (Lab Glass), likewise a Vineland, New Jersey corporation, Cenco Instruments Corporation, a Delaware corporation with whom Lab Glass merged in April, 1965, and Edward B. Brown, President of Lab Glass, also of Vineland, New Jersey, from infringing upon plaintiff's alleged copyrights and trade-marks by their use of a catalog entitled "Lab Glass, Inc., Catalog 66." Plaintiff also seeks to prevent the defendants' further distribution of said challenged catalog as well as an order compelling the defendants to deliver all Catalogs 66 presently in their possession and to retrieve those which have been distributed, for impounding by the Court

pending this suit. Additionally, plaintiff seeks similar relief regarding a 1960 catalog of Lab Glass, LG-60 and its Lab Kit Catalog LK-60.

The principal litigation involves alleged copyright infringement of plaintiff's trade catalog, entitled "Kontes Technical Glassware Catalog TG-20", by defendants' trade catalog known as "Lab Glass, Inc. Scientific Glassware & Research Apparatus Catalog 66." Both trade catalogs display scientific laboratory apparatus manufactured for sale throughout the United States. These catalogs, as do those of other competitors, service the trade in lieu of salesmen or manufacturers' representatives and are essential to their enterprises. Kontes and Lab Glass have been keen competitors over many years, but no patents restrictive of competition exist.

Plaintiff, for the purposes of this motion, makes 24 specifications of copying, in violation of its copyrights, and alleges as well, unfair competition and unauthorized use of its trade-mark names "Chromaflex" and "Duall."

Defendants oppose the complaint and resist the present motion, contending that Catalog 66 was compiled from their own prior catalogs, which were composed from various trade journals, including plaintiff's, all of which were uncopyrighted at the time of compilation and publication, hence in the public domain and available for unrestricted use by all the world. And further, that the words sought to be claimed as the subject matter of trade-mark, are not trade-marks as they are not in fact used as such by the plaintiff, but rather they are used merely as descriptive of the function of particular apparatus.

A hearing on the application for the Preliminary Injunction was held and testimony taken on 2 days. The matter was copiously briefed, and thereafter, on January 21, 1966, ably argued by counsel expert in this particular Art. Proposed findings of fact and conclusions of law, together with supplemental memoranda, have been submitted to assist the Court.

An examination of the record necessitates a brief statement of some historical background.

Laboratory glassware, such as is used in scientific research and industrial markets, was developed in Europe prior to World War I, as minature laboratory glassware called semimicro and micro glassware consisting principally of test tubes, burettes for titration and other such scientific glass apparatus. After World War II, this type glassware was produced by several manufacturers in this country, including Kontes and Lab Glass.

Sometime in the late 1940's, Kontes distributed copies of its uncopyrighted catalogs, using line-drawings to feature its micro glassware. In April of 1956, Kontes published a catalog featuring a new line of miniature laboratory glassware, known as "Bantam Ware", but did not register same with the Copyright Office until March 22, 1965, some 9½ years later. On February 6, 1957, it published Catalog TG-15, a greatly expanded catalog, twice the size of its earlier catalogs, bearing a copyright notice date of 1956, which likewise was belatedly registered with the Copyright Office on April 6, 1965. On April 22, 1958, plaintiff published Catalog TG-15A, characterized as an "updating of previous items", containing new additions and a revision of its prices. This was not registered with the Copyright Office until July 6, 1964. A Bantam Ware Catalog BW-2 was published in March, 1961, but not registered until June, 1964. In October, 1961 it issued a new edition of Catalog TG-15A, and registered same in July, 1964. The plaintiff's most recent and current catalog, TG-20, and the one here in suit, was published January 8, 1964 and registered with the Copyright Office in April, 1964. Plaintiff's catalogs fall into two groups, viz., those styled as "Bantam Ware", and those as "Technical Glassware." In only two of the eight registered titles is the word "Kontes" included.

Turning now to the catalogs of Lab Glass, it published its first catalog in

1960, entitled Catalog LG-60, illustrating glassware apparatus similar to that contained in previous catalogs of Kontes. In 1961 Lab Glass published an additional catalog, ML-61, for miniature laboratory glassware akin to Kontes' Bantam Ware, and this material was later in the same year included in a new catalog, LG-61. In September of 1965, Lab Glass published its current edition, Catalog 66, in a hard cover comprising over seven hundred pages of illustrations and textual material. This catalog was the result of preparation by the Walsh Advertising Agency artists, during 1964, based upon defendants' previous catalogs and new artwork, and was compiled at an out of pocket cost of more than $64,000.00, together with the expenditure of from 5 to 6 thousand man-hours.

Defendants contend that their LG-60 Catalog was compiled from catalogs, including plaintiff's, circulating in the trade not bearing copyright protection, this being a common practice and one in which the plaintiff itself engaged. Further, that Catalog 66 is an expansion of its previous catalog of items then and now in the public domain, because of prior publications, including plaintiff's publication and distribution of advertising bulletins and periodicals of similar items from 1955 to 1963, bearing no copyright notices. In defense of the charge levelled of trade-mark infringement, the defendants maintain that the words "Chromaflex" and "Duall" are not trademarks, but are merely descriptive of the flexibility of certain scientific apparatus manufactured by all trade competitors. Defendants urge that the issuance of a Preliminary Injunction to the extent sought by plaintiff would effectively eliminate them from the industry and wreak irreparable havoc upon their business.

Jurisdiction is vested in this Court of the parties and subject matter pursuant to 28 U.S.C. 1338, Title 17 U.S.C. and Title 15 U.S.C.

▉▉ The criterion for the grant of the extraordinary relief of a Preliminary Injunction is an equitable one, because it involves prejudgment of litigation, or a portion of it, before plenary exploration of the merits. The Court of Appeals for this Circuit is adamant about the granting of a preliminary injunction, except in the clearest of factual circumstances and for the most compelling of equities. Warner Bros. Pictures v. Gittone, 110 F.2d 292 (3 Cir. 1940); Charles Simkin & Sons, Inc. v. Massiah, 289 F.2d 26 (3 Cir. 1961). As stated in Industrial Electronics Corp. v. Cline, 330 F.2d 480, at 483 (3 Cir. 1964), "An application for an interlocutory injunction is addressed to the sound discretion of the trial court and should be granted only upon a clear showing that irreparable injury would possibly result pendente lite if relief is denied."

▉ From a review of the testimony and a side by side comparison of the challenged items and illustrations of the principal catalogs here in suit, this Court finds for the purposes of this motion, and until such time as may appear to the contrary, when plenary hearing is conducted for the ultimate determination of the merits, that a clear and convincing urgency coupled with a compelling equity has not been established by the plaintiff, nor that a denial of a Preliminary Injunction would cause it irreparable harm. Conversely, such injunction, until the respective rights of the parties are determined at trial, would not preserve the *status quo pendente lite,* but rather it would result in irremediable damage to the defendants by effectively terminating their business.

Plaintiff strenuously urges Kontes Glass Company v. Fischer & Porter Co., Civil No. 37,372, an unreported decision in the Eastern District of Pennsylvania, decided April 26, 1965, as controlling in the present matter. It is clearly distinguishable. Unlike that case, which involved catalogs other than the presently challenged TG-20, and a different defendant, we have in the present record no testimony demonstrating urgency for preliminary relief. In the *Fischer & Porter* case the testimony demonstrated such need by establishing to the satisfac-

tion of that Court that plaintiff's copyrighted work there had been infringed upon with resultant loss of sales. We have no such testimony in this case. Also, in contrast, Lab Glass did not utilize its Catalog 66 to introduce "Microlab" products, as these were included in its earlier catalogs, ML-61 and LG-61, in 1961. So that here, unlike *Fischer & Porter,* defendant's Catalog 66 did not introduce a product for the first time, thus enabling it to reach the market earlier, by unlawfully copying the catalog of another manufacturer. By Catalog 66, Lab Glass expanded its earlier catalogs, with which plaintiff was thoroughly familiar and never challenged.

The circumstances manifested at this juncture demonstrate that defendants' Catalog 66 contains illustrations of items employed in the trade by both parties and others, which, while similar in objective entity and general outline of printed image, nevertheless do not employ or copy the artistic expression of plaintiff's items. There is similarity only, as contrasted to identity. Furthermore, the defendants' items were taken from their own earlier catalogs, which were compiled from uncopyrighted trade catalogs including plaintiff's, bearing no statutory notice of copyright at the time defendants appropriated such items. Defendants' current catalog, while an evolution of prior work, provides its own artistic expression. Objectivity was sought through its employment of the Walsh Advertising Agency.

With regard to the word "Chromaflex", it appears that its use by plaintiff is to describe a line of chromatographic apparatus having functionally flexible characteristics. And that the use of "Flexi-Disc" by defendants is a description of similar apparatus with similar functions. There is no evidence that either characterization is used as a trademark to identify the origin or source of the goods. To the contrary, it clearly appears that plaintiff uses the Kontes "Crown", as its trademark, as Lab Glass uses "LG" in a circle on its products. There is no allegation of any unauthorized use in this particular regard. Nor is there any evidence in the present record from which it might reasonably be deduced that these words generate confusion in the trade. The products of both parties are scientific laboratory glassware, not houseware circulated in a common purchasing market. The subject matter here is unique and is offered to a highly technical and specialized purchasing market—scientific and industrial laboratories. The greater probability is that potential purchasers of laboratory glassware apparata are exceptionally knowledgeable and undoubtedly would encounter no confusion in the acquisition of such equipment. These observations have equal application to the word "Duall".

In view of the present state of the evidence, this Court concludes as a matter of law, that the subject matter here in suit was in the public domain at the time it was appropriated by the parties. Kontes TG-20 and Lab Glass 66 contain material published and circulated in the trade generally, at times appropriated by Kontes, at other times by Lab Glass and other competitive manufacturers, without reduction to vested proprietary interest and protection by statutory notice of copyright. The plaintiff itself published and circulated catalogs, advertising bulletins and pamphlets without any pretensions to copyright. And even when it did seek protection, it was some nine years before it sought to file its early work, resorting to statutory compliance. Its laches in this regard may have resulted in certain of its published items having become preempted in and by the public domain. Furthermore, since the copyright filing, the plaintiff for a considerable time has distributed periodicals and excerpts from its catalogs containing no copyright notices at all.

Presently, the plaintiff has failed to persuade the Court that it will ultimately prevail at trial in establishing that "Chromaflex" is the subject matter of trade-mark, rather than commercial description, which is unlawfully infringed

upon by defendants' use of "Flexi-Disc", or that "Duall" has like properties of trade-mark prohibiting infringement.

In conclusion, the testimony and record are lacking in any showing that harm would result to the plaintiff, if the preliminary relief is denied. Sims v. Green, 161 F.2d 87 (3 Cir. 1947); Dallas v. Atlantic Refining Co., 189 F.Supp. 815 (Del.1960). The controlling facts involved here, on the issues ultimately to be tried and determined, are in serious dispute forestalling the grant of preliminary injunction. Huber Baking Co. v. Stroehmann Bros. Co., et al., 208 F.2d 464 (2 Cir. 1953).

As a corollary, plaintiff suggests that if the preliminary injunction is granted, it will abandon the interdiction it seeks in its complaint against defendants' other catalogs, leaving defendants free to distribute same, thus preserving the *status quo* of the parties until final determination of their respective rights. While this effort is made in evident good faith and is valiant on its face, plaintiff has not shown need or urgency, nor that irreparable injury will result at this stage of the litigation, if relief is not granted. On the contrary, absent such clear and convincing premises upon which to predicate preliminary relief, it is obvious that defendants would be seriously damaged. For they have expended great time, effort, and money in preparing and distributing their current catalog. They should not in equity be deprived of its use and benefits until copyright and trade-mark infringement, if any, are established. Only plenary hearing can resolve the myriad of disputed facts involving issues of trade piracy and unlawful infringement.

For the above reasons plaintiff's motion will be denied. This memorandum shall constitute findings of fact and conclusions of law as provided under Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.

Counsel may submit an appropriate order.