KONTES GLASS COMPANY, Appellant,

v.

LAB GLASS, INC., Cenco Instruments Corporation, Edward B. Brown.

No. 15892.

United States Court of Appeals
Third Circuit.

Argued Nov. 1, 1966.

Decided Feb. 23, 1967.

Arthur H. Seidel, Philadelphia, Pa. (Seidel & Gonda and Joel S. Goldhammer, Philadelphia, Pa., Thomas Tuso, Vineland, N. J., on the brief), for appellant.

James C. McConnon, Philadelphia, Pa. (Henry N. Paul, Jr., Paul & Paul, Philadelphia, Pa., I. Irving Silverman, Myron C. Cass, Silverman & Cass, Chicago, Ill., Donald Palese, Palese & Palese, Camden, N. J., on the brief), for appellees.

Before GANEY, SMITH and FREEDMAN, Circuit Judges.

OPINION OF THE COURT

FREEDMAN, Circuit Judge:

This is an appeal from the denial of a preliminary injunction. The scope of our inquiry on review is limited to the narrow question whether the court below abused its discretion. Bieski v. Eastern Automobile Forwarding Co., Inc., 354 F. 2d 414 (3 Cir. 1965); Graham v. Triangle Publications, Inc., 344 F.2d 775 (3 Cir. 1965); Industrial Electronics Corp. v. Cline, 330 F.2d 480, 483 (3 Cir. 1964); Joseph Bancroft & Sons Co. v. Shelley Knitting Mills, Inc., 268 F.2d 569 (3 Cir. 1959); Warner Bros. Pictures, Inc. v. Gittone, 110 F.2d 292 (3 Cir. 1940).

Appellant, Kontes Glass Company, and appellee, Lab Glass, Incorporated, are competing manufacturers of scientific glassware. Kontes seeks a preliminary injunction which would restrain Lab Glass from distributing its current merchandising catalogue and would require it to deliver up all copies of that catalogue in its possession or control. It alleges copyright infringement, trademark infringement and unfair competition, on the grounds that certain of the illustrations in the Lab Glass catalogue were copied from various copyrighted catalogues of Kontes and that Lab Glass also improperly used the name "Duall" in advertising a tissue grinder sold under the same name by Kontes, and improperly used another name, "Flexi-Disc" in advertising a type of chromatographic glassware apparatus which Kontes sold under the trademarked name "Chroma-flex."

▣▣ In denying the motion for a preliminary injunction, the court below noted that Kontes had made no showing of irreparable injury, which is the essential prerequisite to a preliminary injunction. 250 F.Supp. 193, 195, 197 (D. N.J.1966). The decision of the court does not clearly appear to have amounted to an abuse of discretion simply because, as Kontes contends, Lab Glass's actions permitted it to arrive in competition with Kontes earlier than it would have done if it had not copied Kontes' catalogue. Nor is this altered by Kontes' claim of the importance of the catalogue in the sale of merchandise. Although these factors bear indirectly on the question whether the damages Kontes has sustained are measurable, Kontes has made no effort to demonstrate that they make it impossible to compute its damages with any precision, and we cannot say that they are sufficient, without more, to demonstrate this and to raise it above the formidable barrier of showing irreparable injury.

In attacking the denial of its motion for preliminary injunction, Kontes also contends that the court below believed that it was seeking to enjoin all of Lab Glass's catalogues, whereas it was seeking only to enjoin Lab Glass's current catalogue, and that it also believed that Kontes relied only on its more recently copyrighted catalogue in support of its claim whereas Kontes in fact relied on its past and current copyrighted catalogues.

These contentions do not demonstrate irreparable injury to Kontes. That only the most recent catalogue of Lab Glass would be enjoined is relevant only on the impact of an injunction upon Lab Glass, the defendant; it does not show irreparable harm to Kontes. In addition, the number of copyrighted catalogues supporting Kontes' claims is of importance only in evaluating the strength and scope of its contentions, and is likewise not directed to the basic question of the irreparability of the injury.

▣ In determining whether the court below abused its discretion, we must consider a second factor, i. e., the reasonable likelihood that plaintiff will succeed in establishing its case on the merits. Imperial Chemical Industries Limited v. National Distillers & Chemical Corporation, 354 F.2d 459, 461 (2 Cir. 1965) ; see Charles Simkin & Sons, Inc. v. Massiah, 289 F.2d 26, 29 (3 Cir. 1961). This element is of particular importance where, as here, there is only slight evidence on the question of irreparable injury. See Developments in the Law—Injunctions, 78 Harv.L.Rev. 994, 1056 (1965). Here Lab Glass has advanced several defenses to Kontes' basic claims for relief on the merits. As to the contention that it copied certain illustrations in the Kontes catalogue, thus infringing the Kontes copyrights, Lab Glass contends that: (1) its utilization of the Kontes catalogue was a "fair use," since it merely employed the illustrations in the Kontes catalogue as the basis for a separate drawing and did not take the artistic expression of the article as done by the Kontes illustrator; (2) Kontes abandoned the copyrights on several of the items in question because of failure to insert any copyright notice in several of its early flyers and mailing pieces and because of inadequate notice of copyright; (3) Kontes is guilty of laches and is estopped from

bringing this suit because it did not seek statutory protection for its early work for several years; and (4) Kontes itself had taken much of the subject matter in question from catalogues of other manufacturers. As to the contentions of trademark infringement and violation of the Lanham Act, Lab Glass asserts that both "Chromaflex" and "Duall" were only descriptive of the articles in question and that there was no reasonable likelihood of confusion between "Chromaflex" and "Flexi-Disc."

 Although Kontes has sought to answer these defenses, and indeed may ultimately prevail on their merits, there is not that strong likelihood of success which in the circumstances of this case would alone justify our holding that the court below abused its discretion in refusing to grant a preliminary injunction.

The judgment of the district court therefore will be affirmed.