**COMPONENTS, INC., a corporation of the State of Delaware, Defendant Below, Appellant,**

v.

**WESTERN ELECTRIC COMPANY, Inc., a corporation of the State of New York, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

May 15, 1970.

Petition for Reargument Denied

June 16, 1970.

Edmund D. Lyons, of Morris, James, Hitchens & Williams, Wilmington, and Edward S. Irons, of Irons, Stockman, Sears & Santorelli, Washington, D. C., for appellant.

E. Norman Veasey, and Franklin S. Eyster, II, of Richards, Layton & Finger, Wilmington, and John T. Kelton, and Thomas V. Heyman, of Watson, Leavenworth, Kelton & Taggart, New York City, for appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

### WOLCOTT, Chief Justice.

This is an appeal from the denial of defendant's motion to dismiss the complaint under Chancery Rule 12(b) (6), Del.C. Ann. for failure to state a claim.

On June 27, 1960, Western and Components entered into a patent license agreement. The agreement granted to Components a nonexclusive license to make and sell solid electrolytic capacitors under Western's patents. Components agreed to pay royalties of 4.5% of the net selling price of capacitors manufactured by Components under Western's patents. By letter in December, 1963, Western voluntarily reduced the royalty due from Components to 2.7% in full satisfaction of Components' obligation under the license agreement. In July, 1964, Western and Components executed a supplement to the 1960 agreement referring to the existing contractual relationship between them as "the license agreement * * * as heretofore amended". In October, 1965, Western again reduced the royalty due from Components under the license agreement to 1.8% in full satisfaction of Components' obligations. Components has never paid any royalty to Western under the agreement.

Western instituted the present action for an accounting under the license agreement. Components initially tried unsuccessfully to remove the case from the Court of Chancery by making an application in the United States District Court for the District of New Jersey in which a consent decree had been entered against Western upon the subject of its license agreements. Compo-

nents was not one of the original parties to the New Jersey action. Finally, however, when this attempt proved fruitless, Components filed an answer to the complaint setting up certain affirmative defenses and counter-claims, and making various charges of anti-trust violations, patent misuse and patent validity. At the same time, Components moved to dismiss the complaint for failure to state a claim. It is the denial of this motion to dismiss which is now before us.

■ The very narrow question before us for decision may be stated as follows: Does the unilateral undertaking by a licensor to accept a lesser amount of royalty than that provided in the license agreement destroy the licensor's right thereafter to enforce such agreement at the reduced royalty?

Basically, Components' argument in this appeal is that the unilateral lowering of the royalty was an attempt by Western to deprive Components of certain of its defenses to a suit by Western on the license agreement and the unilaterally imposed royalty reduction which it did not accept and did not want.

The parties are agreed, and the Vice Chancellor held, that the license agreement before us is to be determined in accordance with New York law. Section 5-1103 of the New York General Obligations Law (McKinney's Consol.Laws, c. 24-A; 1964) is as follows:

"Written agreement for modification or discharge

"An agreement, promise or undertaking to change or modify, or to discharge in whole or in part, any contract, obligation, or lease, or any mortgage or other security interest in personal or real property, shall not be invalid because of the absence of consideration, provided that the agreement, promise or undertaking changing, modifying, or discharging such contract, obligation, lease, mortgage or security interest, shall be in writing and signed by the party against whom it is sought to enforce the change, modification or discharge, or by his agent."

The two reductions in royalty made by Western by letter were written and signed by Western, and under the quoted section of the New York statute, were therefore binding upon it. As such, therefore, they constitute amendments of · the original agreement of 1960, and compel Western to accept the reduced royalty.

Components concedes the applicability of the New York statute, but argues that it is the party charged under the agreement by Western to accept reduced royalty, and since it, Components, did not sign or accept the writings effecting the reductions, the reductions are not binding on it.

The difficulty with this argument is that the reductions are not intended to be binding upon Components but are intended to be binding upon Western and, indeed, Western admits that they are binding upon it. However, Components argues that because it is not bound by the reduction letters which affect only the rights of Western, it, Components, is not bound at all by the 1960 agreement. In other words, in Components' view, the voluntary reduction in royalty by Western has destroyed the original agreement which, on its face, binds Components to the payment of royalties.

■ We think to state the argument made by Components is to demonstrate its fallacy. Furthermore, it is clear, we think, under the New York authorities, that the argument made by Components is in fact erroneous, and that the argument made by Western to the effect that under New York law it can voluntarily waive a provision in a license agreement placed there for the benefit of Western without the assent of Components, is correct. Griffin Wellpoint Corp. v. Munro-Langstroth, Inc., 1 Cir., 269 F.2d 64, and see, also, Thompson v. Willson, 183 Misc. 949, 51 N.Y.S.2d 665, aff'd. 269 App.Div. 829, 56 N.Y.S.2d 415.

Also, apart from the New York statute, the law is to the same effect generally and, particularly, in Delaware. In Hirzel v. Silker, 4 W.W.Harr. 588, 156 A. 360, the Delaware Supreme Court ruled that all rights or privileges to which a person is legally entitled under a contract which are intended for his sole benefit, may be waived whether those rights are secured by contract or conferred by statute. We think further that whether or not a waiver is effective does not require the consent of the party who benefits from the waiver. Furthermore, provisions in a licensing agreement which are inserted for the benefit of the licensor may be voluntarily waived by the licensor. 4 Walker on Patents, § 421.

The law generally outside of Delaware seems to be to the same effect. See Automatic Radio Mfg. Co. v. Hazeltine Research, Inc., 339 U.S. 827, 70 S.Ct. 894, 94 L.Ed. 1312, and Westinghouse Elec. Corp. v. Bulldog Electric Products Co., 4 Cir., 179 F.2d 139.

Components argues, however, that the royalty provision in the 1960 agreement is the basis for its arguments based upon violations of anti-trust and patent laws as alleged in Components' answer and counter-claims. However, these defenses, or possible defenses, are not before us in this appeal, nor were they before the Vice Chancellor who specifically refused to consider them until trial on the merits.

He stated, and we agree with him, that he was concerned at that time only with the question of whether or not the complaint constituted a sufficiently well-pleaded claim, and he was not concerned with the merits of any of Components' defenses to that claim.

We therefore do not reach the merits of any of the defenses advanced by Components in its answer and counter-claims, even though Components has argued them before us. This is not to say that Components will not have its day in court upon these matters, because upon remand the case will then be tried on the merits.

In view of the foregoing, the judgment below is affirmed.