**BANK OF COMMERCE, a State Chartered Commercial Bank, Appellant,**

**v.**

**James E. SMITH, Comptroller of the Currency of the United States, et al., Appellees.**

No. 74–1185.

United States Court of Appeals
Tenth Circuit.

Argued Nov. 14, 1974.

Decided March 21, 1975.

Rehearing Denied April 23, 1975.

---

Richard L. Eason, Simon, Eason, Hoyt & Malone, P.C., Englewood, Colo. (Henry A. Burgess, Sheridan, Wyo., with him on the brief), for appellant.

Donald Etra, Atty., Dept. of Justice (Carla A. Hills, Asst. Atty. Gen., Richard V. Thomas, U. S. Atty., and Leonard Schaitman, Atty., Dept. of Justice, with him on the brief), for appellee James E. Smith, Comptroller of the Currency of the United States.

William P. Johnson, Rothgerber, Appel & Powers, Denver, Colo. (Hanes, Carmichael, Johnson, Gage & Speight, P.C., Cheyenne, Wyo., with him on the brief), for appellees, F. A. Rummel, Jr., Sol W. Bernstein, K. L. McShane, Lee Van Deren and Paul L. Howes, Organizers of the Proposed "Bank of Wyoming, N.A.," and Wyoming Bancorporation.

Before SETH, BARRETT and DOYLE, Circuit Judges.

PER CURIAM.

The plaintiff bank challenges and seeks to review the preliminary approval given by the Comptroller of the Currency to the organization of the "Bank of Wyoming, N.A." as a national bank at Sheridan, Wyoming, and as a subsidiary of Wyoming Bancorporation, a bank holding company.

The trial court granted judgment on the pleadings for the Comptroller and granted the defendant bank's motion to dismiss. The court held that it did not have jurisdiction over the subject matter and that the complaint failed to state a claim.

The appellant throughout the proceedings has taken the position that it has open to it two concurrent courses of action or remedies during the preliminary stages of the consideration of the application for a charter by the two agencies concerned. This is indicated by the separate action it also commenced against the Board of Governors of the Federal Reserve System, which was appealed to this court as Bank of Commerce v. Board of Governors, 513 F.2d 164 (Tenth Circuit). The opinion in this companion case is filed concurrently herewith.

It is apparent that this two-track approach by appellant is derived from the fact that separate agencies and statutes are involved, but the arguments are foreclosed by the Supreme Court's opinion in the *Whitney Bank* case hereinafter referred to.

The record shows that notice of the filing of the individual organizers' application with the Comptroller was given in accordance with 12 U.S.C. §§ 27, 30, and 36, and with 12 C.F.R. 5.1. The investigation followed, and the Regional Administrator held a hearing on the application. The plaintiff bank appeared at this hearing to protest the application, as did other banks.

The plaintiff, however, made no appearance in the proceedings before the Board of Governors, and filed no objections there as permitted by law. The filing of the application by the new bank's holding company was an obvious and necessary step as indicated in Bank of Commerce v. Board of Governors, 513 F.2d 164 (Tenth Circuit). Preliminary approval was subsequently given by the Comptroller to the application of the organizers on the condition that the holding company own all shares of stock in

the new bank except the qualifying shares. Approval was also conditioned upon consent being given by the Board of Governors of the Federal Reserve System to the ownership of the new bank shares by the holding company. Such approval was, of course, required under 12 U.S.C. §§ 26 and 27.

The plaintiff asserted that the preliminary approval given by the Comptroller to organize the new bank should be set aside because it was based on *ex parte* material and political considerations; that findings and conclusions were not made by the Comptroller, and that the action was arbitrary, capricious, and an abuse of discretion.

The standard of review of the Comptroller's action upon an application of an independent bank is set forth in Camp, Comptroller v. Pitts, 411 U.S. 138, 93 S.Ct. 1241, 36 L.Ed.2d 106. The test is whether the action was arbitrary, capricious, an abuse of discretion, or was "otherwise not in accordance with law," as asserted by plaintiff as its final point. However, it is obvious that this issue is not reached because of the dual approval required here of the new bank as a subsidiary of a holding company, and by reason of the Supreme Court's decision as to the proper sequence in the much cited case of Whitney National Bank v. Bank of New Orleans, 379 U.S. 411, 85 S.Ct. 551, 13 L.Ed.2d 386.

Since approval of the organization of the new bank was required by the Board of Governors, the Board was to conduct an investigation under the Bank Holding Company Act (12 U.S.C. § 1846), which included the same factors as required to be considered by the Comptroller under the National Bank Act. The two evaluations of the applications were by separate agencies exercising independent judgment. After enactment of the Holding Company Act, it soon became apparent that there was a problem as to where a protestant should direct his court challenge, and when administrative remedies were exhausted.

These problems were raised and answered in the *Whitney Bank* case.

There the Court held that the proper place to challenge the organization of a new holding company owned bank was in the proceedings before the Board of Governors. It pointed out that a statutory procedure was created for a review of the Board's action; that this must be followed first by a protestant; and that judicial review of the Board's action was only in the Court of Appeals. The Court considered the problems which would be caused by a challenge of the Comptroller's action as an independent matter, and the duplication which would result. The Supreme Court thus decided that the opposition must " . . . first attack the arrangement before the Board." It is apparent therefrom that the administrative remedies are not exhausted until the complaining party has utilized the procedure provided by and before the Board. This the plaintiff has not done, and consequently the remedies have not been exhausted.

Appellant urges that First National Bank of Homestead v. Watson, 363 F.Supp. 466 (D.C.), states the rule applicable here but we cannot agree as the considerations there were entirely different as the only issue was the claim under the NEPA.

The Eighth Circuit in The First National Bank of St. Charles v. Board of Governors, 509 F.2d 1004 (Eighth Circuit), considered a very similar set of facts but in a suit against the Board of Governors, and there concluded that the administrative remedies had not been exhausted because the complaining party had not entered an objection in the proceedings before the Board, reliance again being placed on the *Whitney Bank* decision.

It would not seem necessary to decide whether this is the ordinary failure to exhaust administrative remedies, or whether it is a challenge of the action of the wrong administrative agency, because in either event, the action of the trial court was proper. The trial court was thus correct in holding that it had no jurisdiction.

Affirmed.