**The CITY OF COLORADO SPRINGS, for itself and on behalf of all shippers of freight by rail between points within the State of Colorado, Plaintiffs,**

v.

**The UNITED STATES of America, the Interstate Commerce Commission, the Denver and Rio Grande Western Railroad Company and the Public Utilities Commission of the State of Colorado, Defendants.**

Civ. A. No. 79–K–905.

United States District Court,
D. Colorado.

Jan. 10, 1980.

W. Bruce Kopper, Colorado Springs, Colo., for plaintiffs.

Hugh A. Burns, Robert E. Youle, Dawson, Nagel, Sherman & Howard, Denver, Colo., for Denver & Rio Grande Western Railroad Co.

Mark L. Evans, Gen. Counsel, Christine N. Kohl, Deputy Gen. Counsel, I. C. C.,

Washington, D. C., William C. Danks, Asst. U. S. Atty., Joseph F. Dolan, U. S. Atty., Denver, Colo., for United States.

Eugene C. Cavaliere, Asst. Atty. Gen., Denver, Colo., for State of Colorado.

MEMORANDUM OPINION AND ORDER

KANE, District Judge.

The above-mentioned case which is now before the court upon defendants' motion to dismiss, concerns a shipping rate of fifty cents per ton on coal shipped by the Denver and Rio Grande Western Railroad Company (Rio Grande) from Empire and Empire Junction, Colorado to Craig, Colorado. According to the complaint, on June 14, 1978, Rio Grande caused to be published Supplement No. 384 to Colorado-Utah-Wyoming Committee Freight Tariff No. 1–B which included a fifty cents per ton rate. But on July 11, 1978, the Colorado Public Utilities Commission (PUC) suspended the effective date of the publication and set the matter for hearing in I & S 1228. Also pursuant to the PUC order, Rio Grande had published a suspension notice in Supplement No. 389–A, Colorado-Utah-Wyoming Committee Freight Tariff No. 1–B. On February 27, 1979, the PUC adopted the findings of fact and conclusions of a hearing examiner, who had recommended cancellation of Supplement No. 384 to CUW Freight Tariff No. 1–B.

Plaintiff further alleges that on March 22, 1979, Rio Grande had published Supplement No. 409 of CUW Freight Tariff 4223. In the Supplement, Item 1679.7–A cancelled the suspension notice issued in No. 389–A. However in an April 10, 1979 decision, the PUC issued a final order cancelling the proposed rate.

The complaint goes on to allege that on May 4, 1979, Rio Grande filed an application with the Interstate Commerce Commission, ICC Docket No. 37179, which sought publication of the rate denied by the PUC. On June 8, 1979 Rio Grande caused the issuance of Supplement No. 415 to CUW Freight Tariff 4223, which purports to cancel Item No. 1679.7 and the suspension notice in Supplement No. 389–A. Plaintiff alleges that

publication of the rate applied for in ICC Docket No. 37179 is an unlawful attempt by Rio Grande to circumvent the requirements of 49 U.S.C. § 11501. Thus on June 29, 1979, plaintiff filed a petition for rejection and suspension of Supplement No. 415. However by letter to plaintiff, the Commission expressed that it would not reject the tariff and took no action regarding suspension.

Plaintiff's amended complaint requested that this court issue an order temporarily restraining defendants from enforcing Item No. 1679.7–A of Supplement No. 415 and that this court also issue an injunction prohibiting defendants from implementing any relief sought by Rio Grande in ICC Docket No. 37179 until determination of the issues in that cause. On July 29, 1979, I denied plaintiff's request.

### EXHAUSTION

In urging this court to dismiss plaintiff's cause of action, defendants contend that pending administrative proceedings made this action premature. There is no factual dispute that Rio Grande filed an application with the Commission for a determination of whether the fifty cent rate is mandated by 49 U.S.C. § 11501. The application, ICC Docket No. 37179, is pending before the Commission and has not been heard. Likewise there is no dispute that the controversy is within the scope of 49 U.S.C. § 11501. Thus by virtue of § 11501(b)(1) the Commission has obtained exclusive authority to determine the issues raised in Rio Grande's application. *Carolina, Clinchfield and Ohio Railway v. Interstate Commerce Commission,* 593 F.2d 1305 (D.C. Cir. 1979).

Plaintiff's request that this court issue a temporary restraining order and an injunction was in effect a challenge to the discretion of the Commission not to suspend a published rate pending determination by the Commission. This court which denied plaintiff's motions is now without jurisdiction to determine the subject matter of plaintiff's complaint.

49 U.S.C. § 11501 provides the administrative procedures applicable to this controversy. Although § 11501(c) provides that a full hearing must be held before the Commission takes action, initial action nevertheless must be taken by the Commission. It is well settled that where administrative remedies exist they must be exhausted before a case may proceed to a court. *Myers v. Bethlehem Shipbuilding Corp.,* 303 U.S. 41, 58 S.Ct. 450, 82 L.Ed. 515 (1938); *See e. g., Bank of Commerce v. Smith,* 513 F.2d 167 (10th Cir. 1975). It is equally clear that once an issue is brought before the Commission, it must be prosecuted there until the Commission issues an order. *McLean Trucking Company v. United States,* 387 F.2d 657 (Ct.Cl.1967); *Rardin Grain Company v. Illinois Central Railroad Co.,* 288 F.Supp. 813 (S.D.Ill.1968); *North Carolina Natural Gas Corp. v. United States,* 200 F.Supp. 740 (D.Del.1961); *See generally Arrow Transportation Co. v. Southern Railway Co.,* 372 U.S. 658, 83 S.Ct. 984, 10 L.Ed.2d 52 (1963).

49 U.S.C. § 11501 provides an administrative remedy which plaintiff has not exhausted. Accordingly this court is without jurisdiction to determine the issues now pending before the Commission. It is

ORDERED that defendants' motion to dismiss is granted and it is further

ORDERED that this complaint and civil action are dismissed, each party to bear its own costs.